[No. C051861. Third Dist. Feb. 28, 2007.]

THE PEOPLE, Plaintiff and Respondent, v.
WILLIAM MICHAEL VOGEL, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of parts II, III, and IV of the Discussion.

132

## Counsel

Rosenfeld & Saria, Robert J. Saria and Kenneth L. Rosenfeld for Defendant and Appellant.

Bill Lockyer, Attorney General, Mary Jo Graves, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Carlos A. Martinez and Virna L. Depaul, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**ROBIE, J.**—After he was arrested in Red Bluff in 1999 for annoying or molesting a minor (Pen. Code,[1] § 647.6), defendant William Michael Vogel was prosecuted on different charges in Siskiyou and Placer Counties based on evidence obtained as a result of that arrest. In each case, the trial courts denied his motion to suppress evidence. In the Siskiyou County case, we affirmed that ruling on appeal. (*People v. Vogel* (July 11, 2001, C036488) [nonpub. opn.].) Defendant now challenges the ruling in the Placer County case.

As will be seen, we conclude defendant is barred by the doctrine of collateral estoppel from relitigating in this case the issue decided in the prior case—whether probable cause existed for defendant's arrest. As for the

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

remaining arguments defendant raises here, we find no merit in them. Accordingly, we will affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On the evening of July 20, 1999, Patrol Sergeant Ted Wiley of the Red Bluff Police Department arrested defendant for annoying or molesting a minor after investigating a report that defendant was trying to take pictures of children at Red Bluff High School.[2] Based on evidence obtained as a result of the arrest, defendant was charged with offenses in two separate cases, one in Siskiyou County and one in Placer County. The Placer County case (case No. 62009665) was commenced in August 1999 with the filing of a complaint against defendant for having committed seven different crimes against two different victims (ages seven and eight) on or about July 4, 1999.

Meanwhile, defendant was also charged with various crimes in Siskiyou County (case No. 99-1455). After the trial court in Siskiyou County denied a motion to suppress evidence, ruling the arresting officer had probable cause to arrest defendant for annoying or molesting a minor, defendant pled guilty to two counts of committing a lewd or lascivious act on a child under age 14 and was sentenced to 15 years to life in prison. In July 2001, this court rejected defendant's challenge on appeal to the denial of his motion to suppress, concluding "there was ample evidence to establish probable cause to arrest defendant." (*People v. Vogel* (July 11, 2001, C036488) [nonpub. opn.].) The California Supreme Court denied defendant's petition for review. (*People v. Vogel, supra*, review den. Sept. 19, 2001, S099940.)

In March 2003, following a preliminary hearing in this case, defendant was charged by information with eight crimes in connection with the incidents in Placer County in July 1999. In May 2003, defendant filed a motion to set aside the information. He asserted all of the evidence against him, both in this case and in the Siskiyou County case, stemmed from his arrest in Red Bluff in July 1999, and that that arrest was "illegal" because section 647.6 is "unconstitutional and void." As a result, defendant argued, the court should set aside the information in this case and set aside and expunge the judgment against him in the Siskiyou County case. The trial court (Judge Couzens) denied his motion.

In September 2003, defendant moved to suppress all evidence obtained as a result of his arrest on July 20, 1999, on the grounds he was subjected to a prolonged detention that violated the Fourth Amendment, his arrest was not supported by probable cause, and his arrest violated his First Amendment

---

[2] Section 647.6 makes it a crime to "annoy[] or molest[] any child under 18 years of age." (§ 647.6, subd. (a)(1).)

rights. Defendant also asserted again that his arrest was invalid because section 647.6 is unconstitutionally vague.

In opposing the motion to suppress, the prosecutor called the trial court's attention to this court's ruling on defendant's appeal in the Siskiyou County case and argued that the motion to suppress should be denied "on collateral estoppel grounds." The prosecutor also opposed the motion on the merits.

In April 2004, the trial court (Judge Sandra Faithfull McKeith) denied the motion. In doing so, the trial court noted this court's opinion in the Siskiyou County case and "concur[red] with the facts and findings in that opinion," but did not mention collateral estoppel or indicate that the court felt itself bound by the prior decision on appeal.

In May 2004, a new complaint was filed against defendant in Placer County (case No. 62-43670) charging him with nine offenses. At the preliminary hearing, the parties stipulated, and the court ordered, that the previous motion to suppress evidence, and the resulting denial of that motion, would be deemed to apply to the new case against defendant.

The trial court subsequently granted a motion to consolidate the two cases, and in September 2004 defendant was charged by consolidated information with 17 offenses and various special allegations.

In October 2005, defendant agreed to plead no contest to two of the charges (two counts of committing a lewd or lascivious act on a child under age 14) and admit a special allegation of multiple victims in exchange for dismissal of the remaining 15 charges and a sentence of 30 years to life, to run concurrently with his sentence in the Siskiyou County case. Defendant filed a timely notice of appeal.

## DISCUSSION

### I

### *Collateral Estoppel*

Defendant's first argument on appeal is that Sergeant Wiley did not have probable cause to arrest him for annoying or molesting a minor. The People contend this argument "is barred by the doctrine[] of collateral estoppel" because defendant "fully litigated the probable cause issue in [the] Siskiyou

County" case. For the reasons that follow, we agree that defendant is collaterally estopped from relitigating whether Sergeant Wiley had probable cause to arrest him.[3]

■ "Collateral estoppel has been held to bar relitigation of an issue decided at a previous trial if (1) the issue necessarily decided at the previous trial is identical to the one which is sought to be relitigated; if (2) the previous trial resulted in a final judgment on the merits; and if (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the prior trial." (*People v. Taylor* (1974) 12 Cal.3d 686, 691 [117 Cal.Rptr. 70, 527 P.2d 622], disapproved on other grounds in *People v. Palmer* (2001) 24 Cal.4th 856, 861, 867 [103 Cal.Rptr.2d 13, 15 P.3d 234].) Application of the collateral estoppel doctrine serves: "(1) to promote judicial economy by minimizing repetitive litigation; (2) to prevent inconsistent judgments which undermine the integrity of the judicial system; and (3) to provide repose by preventing a person from being harassed by vexatious litigation. [Citation.] In deciding whether the doctrine is applicable in a particular situation a court must balance the need to limit litigation against the right of a fair adversary proceeding in which a party may fully present his case." (*Taylor*, at p. 695.)

■ All three of the requirements for applying the collateral estoppel doctrine are present here: (1) Defendant, against whom the People assert the doctrine, was also the defendant in the Siskiyou County case; (2) that case resulted in a final judgment of conviction, which was affirmed on appeal; and (3) the issue defendant seeks to litigate here—whether Sergeant Wiley had probable cause to arrest him—is identical to the issue expressly decided both by the trial court and this court in the Siskiyou County case.

Defendant contends collateral estoppel should not apply here because "the issues raised in the present case differ from those raised in the previous matter." We acknowledge that in this case defendant has raised *some* issues that apparently were not decided in the Siskiyou County case: specifically, whether his arrest was invalid because he was engaged in constitutionally protected conduct or because section 647.6 is unconstitutionally vague, and whether Sergeant Wiley's detention of him prior to the arrest exceeded the permissible limits and scope of an investigative stop.[4] The only issue with which we are concerned at this point, however, is whether Sergeant Wiley had probable cause to arrest him for annoying or molesting a minor, and defendant does not (and cannot) deny that that issue *was* decided in the Siskiyou County case.

---

[3] Because we conclude collateral estoppel applies, we need not reach the People's alternate argument that relitigation of this issue is barred by the doctrine of law of the case.

[4] We know those issues were not resolved in this court's opinion in the Siskiyou County case, and the People have offered no evidence they were decided by the trial court in that case.

Consequently, it is defendant's position that this court should revisit the question of whether there was probable cause for his arrest and reach a different conclusion than the court reached six years ago in the Siskiyou County case. Relying on two cases in which the appellate courts declined to apply the collateral estoppel doctrine to rulings on motions to suppress evidence—*People v. Gephart* (1979) 93 Cal.App.3d 989 [156 Cal.Rptr. 489] and *People v. Torres* (1992) 6 Cal.App.4th 1324 [8 Cal.Rptr.2d 332]— defendant argues the doctrine should not apply here because: "[t]he charges here are not the same as those in the [Siskiyou County] case" and "the evidence used to convict [defendant] in this case is not the same as in the Siskiyou case." As we will explain, however, those factors are irrelevant to whether we should apply the collateral estoppel doctrine, and the decisions in *Gephart* and *Torres* declining to apply that doctrine do not support a similar result here.

In *Gephart*, three defendants were arrested in Stanislaus County and charged with unknown offenses. (*People v. Gephart, supra,* 93 Cal.App.3d at pp. 991–992 & fn. 2.) After the magistrate suppressed certain evidence but held the defendants to answer on a charge of receiving stolen property, the superior court granted their motion to suppress "all of the evidence seized" (presumably as a result of their arrests) and "thereafter dismissed the action pursuant to Penal Code section 995." (*Id.* at pp. 992–993.) The prosecutor did not seek appellate review of the trial court's ruling. (*Id.* at p. 996, fn. 3.)

The defendants were later charged with armed robbery in Siskiyou County. (*People v. Gephart, supra,* 93 Cal.App.3d at p. 993.) They moved to suppress the evidence against them (which included evidence seized as a result of the arrests in Stanislaus County), and the Siskiyou County Superior Court ruled "that the determination [on the suppression motion] in the Stanislaus proceedings . . . had no effect on the Siskiyou proceedings." (*Id.* at p. 993.) The court then granted suppression "as to evidence which was seized from [the] defendants' vehicle, but denied the motion as to other evidence," including a gun seized from one of the defendants on his arrest. (*Id.* at p. 994.) A jury ultimately found the defendants guilty based on evidence that included the gun. (*Id.* at p. 993.)

On appeal to this court, the defendants contended the Siskiyou court erred in not giving preclusive effect to the ruling of the Stanislaus court because "the ruling of a superior court on the admissibility of evidence in a Penal Code section 1538.5 motion acts either as res judicata or as collateral estoppel." (*People v. Gephart, supra,* 93 Cal.App.3d at p. 995.) Based on the facts before it, this court disagreed, holding that "the determination in a special proceeding under Penal Code section 1538.5 is not binding on the prosecutor of a different county on different charges." (*Id.* at p. 999.) In explaining the

"[s]ound policy reasons support[ing its] determination," the court pointed out that "[a]fter the granting of a motion under Penal Code section 1538.5, the prosecutor may decline to proceed further for reasons quite independent of the legality of the search or seizure." (*People v. Gephart, supra*, 93 Cal.App.3d at pp. 999, 1000.) The court explained that giving preclusive effect to the superior court's determination in such a case "would . . . prevent full and fair litigation of the [search and seizure] issue by the prosecutor in [a different county] in a proceeding on charges distinct from the charges against the defendants in [the first county]. Such an effect would defeat one of the major purposes of the enactment of Penal Code section 1538.5, that of providing the prosecution with full appellate rights on the issues of the legality of the search and seizure." (*Id.* at p. 1000.)

Relying on *Gephart*, defendant contends that if the prosecution is not bound by a ruling on a suppression motion in another county, then the same rule must apply to defendants like him. We agree there is no rational basis for treating defendants differently from the prosecution in applying the doctrine of collateral estoppel to a motion to suppress in a criminal proceeding, as long as the prosecution and the defendants are similarly situated, but defendant here is not similarly situated to the prosecution in *Gephart*. The "paramount concern" of the *Gephart* court was "the unfairness to the prosecutor in County A of preventing him from litigating a suppression issue simply because of a prior discretionary decision by the prosecutor in County B not to challenge an adverse ruling pertaining to a different charge, especially when the decision in County B may have had little or nothing to do with the merits of the ruling." (*People v. Torres, supra*, 6 Cal.App.4th at p. 1331.) In other words, the *Gephart* court was driven by the fact that the search and seizure issue may not have been fully and fairly litigated in the Stanislaus County proceeding because the superior court's ruling on that issue was not challenged on appeal, and there was no way of knowing whether the prosecution's decision not to challenge that ruling had anything to do with its merits.[5] Thus, the *Gephart* court balanced the need to limit relitigation of the suppression issue against the right of a fair adversary proceeding in which the People could fully present their case on that issue and found the balance weighed in favor of the People.

The circumstances of this case, however, justify a different result. Defendant does not deny that the Siskiyou County case was a fair adversary proceeding in which he had the opportunity to fully present his case on the

---

[5] On this point, it is worth noting that the *Gephart* court disposed of the defendants' challenge to the Siskiyou County court's denial of their motion to suppress on the merits in a single sentence in a footnote, concluding that "[t]he pistol was seized during a proper pat-down search pursuant to a lawful investigative stop." (*People v. Gephart, supra*, 93 Cal.App.3d at p. 992, fn. 1.)

question of whether Sergeant Wiley had probable cause to arrest him for annoying or molesting a minor. Moreover, not only did defendant get a full and fair chance to litigate that issue before the superior court, he got a full and fair chance to litigate the issue before this court. Thus, there is no need to allow defendant to relitigate the issue in this case to vindicate his right to a fair adversary proceeding in which he can fully present his case on the probable cause issue. Defendant has had that opportunity already. Under these circumstances, the need to limit litigation must prevail. This result promotes judicial economy, prevents the possibility of an inconsistent determination that would undermine the integrity of the judicial system, and provides repose to the People.

Nothing in *Torres,* the other case on which defendant relies, undermines our conclusion. In *Torres,* a two-member majority of the appellate panel reached a similar result to that in *Gephart.* (*People v. Torres, supra,* 6 Cal.App.4th at pp. 1329–1335.) In doing so, the majority distinguished another decision—*People v. Zimmerman* (1979) 100 Cal.App.3d 673 [161 Cal.Rptr. 188]—on the ground that *Zimmerman* involved "the precise charges which were dismissed in the prior criminal action," while *Torres* "involved different offenses committed in different jurisdictions and based on different evidence." (*Torres,* at p. 1331.)

Seizing on this language, defendant contends the collateral estoppel doctrine should not apply here because, like *Torres* (and unlike *Zimmerman*), this case involves prosecutions on different charges committed in different jurisdictions based on different evidence. A brief look at *Zimmerman,* however, reveals why the language from *Torres* on which defendant relies has no bearing on whether collateral estoppel should apply here.

In *Zimmerman,* the defendant, who was on probation in a case out of Contra Costa County, was charged with gun and drug offenses in Santa Clara County after a search of his person following an investigatory detention revealed a pistol and three cubes of LSD. (*People v. Zimmerman, supra,* 100 Cal.App.3d at pp. 674–675.) The charges were later dismissed after his motion to suppress the evidence was granted at a preliminary hearing. (*Id.* at p. 675.)

Meanwhile, a petition to modify or revoke the defendant's probation in the Contra Costa County case was filed based on his possession of the gun and the LSD. (*People v. Zimmerman, supra,* 100 Cal.App.3d at p. 675.) The trial court denied the defendant's motion to exclude the evidence and found him in violation of his probation. (*Ibid.*) On appeal, the appellate court concluded that the trial court in the probation revocation proceeding "could not consider the evidence that had been suppressed at the preliminary hearing in Santa

Clara County" because subdivision (d) of section 1538.5 precludes the use of illegally seized evidence " ' "at any trial or other hearing." ' " (*Zimmerman*, at pp. 675–676.)[6]

For our purposes, what is most apparent from *Zimmerman* is that *it did not involve the collateral estoppel doctrine*; instead, it strictly involved the application of a statutory bar to the further use of suppressed evidence. Thus, to the extent the defendants in *Torres* relied on *Zimmerman* to support their collateral estoppel argument, the *Torres* majority could have distinguished *Zimmerman* on that basis alone.

■ With this understanding of the basis for the decision in *Zimmerman*, there is no rational basis for defendant's assertion that the collateral estoppel doctrine should not apply here because, like *Torres*, this case involves prosecutions on different charges committed in different jurisdictions based on different evidence. Notwithstanding the contrary suggestion in *Torres*, these factors are simply not material in applying the collateral estoppel doctrine. As long as (1) the search and seizure issue involved in both cases is the same, (2) that issue was necessarily decided in the earlier case, (3) the earlier case was resolved by a final judgment, (4) the same person was the defendant in both cases, and (5) that person had a full and fair opportunity to litigate that issue in the earlier case, then we perceive no rational basis for refusing to give preclusive effect to the judicial determination of that issue in the earlier case.

Since this case meets the foregoing criteria, we conclude collateral estoppel bars defendant from relitigating in this case whether Sergeant Wiley had probable cause to arrest him. Accordingly, we will not consider that issue further.

## II–IV*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[6] In contrast to the *Zimmerman* court, the *Gephart* court implicitly rejected this construction of subdivision (d) of section 1538.5 when, after noting that the defendants in that case were relying on that statute in addition to "the doctrines of res judicata and collateral estoppel," the court expressed its disbelief "that the Legislature intended to give the determination [on a suppression motion] conclusive effect beyond the proceedings in which the defendant is involved at the time of the determination." (*People v. Gephart, supra*, 93 Cal.App.3d at pp. 997, 999.)

*See footnote, *ante*, page 131.

## DISPOSITION

The judgment is affirmed.

Scotland, P. J., and Hull, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 20, 2007, S151665.