Filed 4/30/15  P. v. Pedersen CA1/4
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br><br>v.<br><br>GARY WAYNE PEDERSEN, JR.<br><br>          Defendant and Appellant. | A139979<br><br>(Sonoma County<br>  Super. Ct. No. SCR-634621) |

Gary Wayne Pedersen, Jr., appeals from a judgment upon a jury verdict finding him guilty of two counts of receiving a stolen vehicle (Pen. Code,[1] § 496d, subd. (a)).  In a bifurcated proceeding, defendant admitted that he suffered a prior serious felony conviction (§ 1170.12) and that he was out on bail when he committed the second count of receiving a stolen vehicle (§ 12022.1).  Defendant contends that the trial court erred in denying his motion to suppress evidence, or alternatively that he was denied the effective assistance of counsel because his trial counsel did not renew the suppression motion when the charges in his case were re-filed.  We modify the judgment to correct a clerical error, but otherwise affirm the judgment.

---

[1] All statutory references are to the Penal Code.

1

# I. FACTS

## A. *December 26, 2012 offense*

On Christmas evening in 2012, Katie McAfee returned to her apartment in Santa Rosa and parked her Honda Civic in the carport. She went to bed at 8:00 p.m. because she had to get up for work at 3:45 a.m.

At about 3:30 a.m. on December 26, 2012, Officer Kyle Boyd was dispatched to the vicinity of 825 Russell Avenue to investigate a suspicious vehicle. Boyd found a suspicious vehicle in the parking lot of a small strip mall to the east of the apartment complex at 825 Russell Avenue. As he approached the green Honda Civic, he used his patrol vehicle's spotlight to illuminate it and saw defendant sitting in the passenger seat. Defendant exited from the car and walked toward Boyd. Boyd asked for defendant's identification and defendant provided his California identification card. Boyd had no response to Boyd's inquiry regarding what defendant was doing in the car in the parking lot late at night.

Officer Jeffrey Woods arrived on the scene to assist Boyd. He searched the car and found that the stereo had been taken out of the dashboard and was on the seat of the car. Debris and clothing were in the front and back seats of the car. Woods determined that McAfee was the owner of the car.

Boyd went to McAfee's apartment and advised her that her car had been located at a strip mall off of Russell Avenue. McAfee told Boyd that she had not given anyone permission to drive her car. Boyd drove McAfee to the mall parking lot where McAfee identified her car. She saw a lighted headlamp that was not hers in the passenger area, her stereo system was half out of the dashboard, and her belongings were all over the car. She also found a backpack in the car that was not hers, but had her belongings inside of it.

Boyd searched defendant and found keys in his possession. Detective Michael McFadden testified that three of the keys found on defendant were automotive jiggler keys that are used in automobile theft as lock picks to manipulate automotive ignition

locks. Another was a shaved key which is used as a file to shave a key down to make the width of a key narrower so that it can be used in the theft of multiple automobiles.

That evening, defendant showed up at McAfee's apartment, and asked for his backpack. He apologized and explained that his friend gave him a ride to work that morning and he did not know that McAfee's car was stolen.

## B. April 14, 2013 offense

On April 14, 2013, Anthony Guyette returned home at approximately 12:30 a.m. and parked his white Honda Civic. He dropped off something in his backyard and went back to the car about 15 minutes later, but the car was gone.

When he recovered the car the following day, both the front windshield and the gas line were damaged. There was also a dent in the front passenger fender.

At about 1:30 p.m. on April 15, 2013, Officer Christopher O'Neill was investigating a series of Honda automobile thefts in the area of the Cedar Woods Apartments on West Steele Lane in Santa Rosa. O'Neill spotted a white Honda in the parking lot matching the description and license plate of the car stolen from Guyette. He placed the car under surveillance. Detective Mike McFadden assisted in the surveillance.

About two hours later, McFadden reported to O'Neill that the car had moved to a different spot in the parking lot and that there was a person working on it. O'Neill responded to the parking lot and saw defendant near the driver's side of the car. O'Neill, along with other officers, detained defendant.

Defendant told O'Neill that Troy Fagaata asked him to work on the car to repair a gas leak. The car was elevated on a small jack and there was a plastic jug near the area of the gas tank. It appeared that someone was working on the car. O'Neill released defendant pending further investigation.

O'Neill searched the car and found that it was registered to Guyette. There was no evidence that the car had been sold. O'Neill also found that someone had tampered with the ignition switch. He subsequently learned that defendant was involved in a pending case regarding the theft of the green Honda. He later arrested defendant for the theft of the white Honda. Upon his arrest, defendant told O'Neill that Josh Presler stole the white

Honda and he provided O'Neill with the location of a third Honda that was stolen. O'Neill found the stolen Honda in the location given by defendant.

## I. DISCUSSION

Defendant contends that the trial court erred in denying his motion to suppress evidence on the ground that he was unlawfully detained on December 26, 2012. As the Attorney General argues, defendant waived this issue because he failed to renew the motion in the superior court.

On March 22, 2013, following a preliminary hearing in Case No. SCR-628364, defendant was held to answer to two counts of vehicle theft with the enhancements that he was a repeat offender (§ 666.5). Defendant thereafter filed a motion to suppress evidence. The trial court denied the motion on May 17, 2013, ruling that based on the totality of the circumstances, defendant's fourth amendment rights were not violated. The court remarked that it was familiar with the strip mall where the encounter occurred and that it was Officer Boyd's patrol area. "Those businesses are all closed at that hour. It does back up to an area that is known to have substantial problems actually with regard to law enforcement. [¶] This is further interesting in that Mr. Pedersen actually exited the vehicle on his own accord. The officer illuminated his spotlight, but given the hour and that the businesses were all closed, certainly for officer safety and given where the car was located it would be appropriate for him to illuminate that area."

On May 31, 2013, the court granted the People's motion to dismiss the charges in Case No. SCR-628364 in order to facilitate joinder with another pending case against defendant. The People then refiled the same charges in the present case, Case No. 634621. Defendant thereafter waived his right to a preliminary hearing and he was charged with two counts of violating section 666.5. Defendant did not renew his motion to suppress evidence in this case.

Defendant's right to appeal the denial of his motion to suppress evidence was waived because he failed to renew the motion in the superior court in the new case. (*People v. Lilienthal* (1978) 22 Cal.3d 891, 896 (*Lilienthal*), *People v. Garrido* (2005) 127 Cal.App.4th 359, 363-364 (*Garrido*).) Penal Code section 1538.5, subdivision (m)

4

provides in relevant part: "A defendant may seek further review of the validity of a search or seizure on appeal from a conviction in a criminal case notwithstanding the fact that the judgment of conviction is predicated upon a plea of guilty. Review on appeal may be obtained by the defendant provided that at some stage of the proceedings prior to conviction he or she has moved for the return of property or the suppression of the evidence."

The phrase "at some stage of the proceedings" in the statute has been construed by our Supreme Court to refer to the proceedings in the superior court. (*Lilienthal, supra,* 22 Cal.3d at p. 896.) Thus, to appeal a ruling on a suppression motion following a conviction, subdivision (m) of Penal Code section 1538.5 requires that the motion must have been brought in superior court. (*Id.* at pp. 896–897.) A contrary rule would allow the appellate court to reverse a superior court judgment "for error it did not commit and that was never called to its attention." (*Id.* at p. 896.) Notwithstanding trial court unification, the case law holds that when a defendant fails to renew a motion to suppress in the superior court, the right to appellate review is forfeited. (*Garrido, supra,*127 Cal.App.4th at pp. 361, 364–365.) To preserve his right of appeal in this case, defendant was required to renew his motion to suppress after the filing of the information in the present case. (*Lilienthal*, *supra,* 22 Cal.3d at pp. 896–897; *Garrido, supra,* 127 Cal.App.4th at pp. 361, 364–365.)

Defendant contends he was not required to refile his motion in the superior court because the court would have applied the doctrine of collateral estoppel to bar him from litigating the motion. He relies on *People v. Vogel* (2007) 148 Cal.App.4th 131, 136-140 (*Vogel*).

In *Vogel*, the defendant was prosecuted in two counties – Siskiyou and Placer – based on evidence obtained as a result of an arrest. (*Vogel, supra,* 148 Cal.App.4th at p. 133.) Defendant brought a motion to suppress evidence in both cases on the ground that the police lacked probable cause to arrest him. The court denied the motions, and in the Siskiyou County case, the court's ruling was affirmed on appeal. The court of appeal rejected the defendant's challenge to the court's ruling on the motion in the Placer

5

County case on the ground of collateral estoppel, reasoning that he was precluded from relitigating the probable cause determination decided in the prior case. (*Ibid.*)

The *Vogel* court explained that collateral estoppel bars the relitigation of an issue decided in a previous trial if "(1) the issue necessarily decided at the previous trial is identical to the one which is sought to be relitigated; if (2) the previous trial resulted in a final judgment on the merits; and if (3) the party against whom collateral estoppel is asserted was a party or in privity with a party at the prior trial." (*Vogel, supra,* 148 Cal.App.4th at p. 136.) Here, there was no judgment on the merits in the prior case and the court's ruling on the motion was not challenged or adjudicated on appeal. The doctrine of collateral estoppel is inapplicable. Defendant's failure to renew the suppression motion in the superior court precludes our review of the issue on appeal.

Defendant further contends that if he is precluded from challenging the court's ruling on his suppression motion because he failed to renew the motion in the superior court, then he was denied the effective assistance of counsel.

To prove ineffective assistance of counsel, a defendant must show that "counsel's representation fell below an objective standard of reasonableness [¶] . . . under prevailing professional norms." (*Strickland v. Washington* (1984) 466 U.S. 668, 688.) In addition the defendant must affirmatively establish prejudice by showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." (*Id.* at p. 694.)

Here, defendant cannot establish that he was prejudiced by counsel's failure to renew the suppression motion. Counsel may have had a tactical reason for failing to renew the motion or could well have determined that a second motion would not produce a more favorable result. (See *People v. Fosselman* (1983) 33 Cal.3d 572, 581 ["Reviewing courts will reverse convictions on the ground of inadequate counsel only if the record affirmatively discloses that counsel had no rational tactical purpose for his act or omission"].)

In this case, there is no reasonable probability defendant would have prevailed had his counsel renewed the motion. As the trial court found, Boyd was justified in investigating defendant because he was in a suspicious vehicle in an area known to have substantial problems with law enforcement. The court also noted that defendant exited the car on his own accord and that Boyd was justified in investigating given the hour and for officer safety.

The totality of the circumstances warranted the detention of defendant. "A detention is reasonable under the Fourth Amendment when the detaining officer can point to specific articulable facts that, considered in light of the totality of the circumstances, provide some objective manifestation that the person detained may be involved in criminal activity." (*People v. Souza* (1994) 9 Cal.4th 224, 231.) Here, Boyd observed defendant in a high crime area in a suspicious vehicle in the early morning hours. In light of these circumstances, Boyd was justified in detaining defendant for a brief period in order to investigate and in conducting a pat down search for officer safety. (*Ibid.* [brief investigative detention justified to enable officer to resolve ambiguity in situation and to determine whether the defendant's evasive conduct and that of the occupants of a parked car in a high crime area at 3 a.m. is legal or illegal].)

Even if the detention was invalid, defendant was not prejudiced by his counsel's failure to renew the suppression motion in the superior court. The only incriminating items found in defendant's possession were keys used in vehicle thefts, yet there was no evidence that those keys were used on McAfee's car. But there was other substantial evidence to support defendant's conviction of receiving McAfee's stolen vehicle. Officer Boyd found defendant in McAfee's car at the mall, the car's stereo had been removed from the dashboard, and defendant could not explain why he was in the car. Defendant further implicitly acknowledged his role in the incident by appearing on McAfee's doorstep to ask for return of the backpack that he left in the car. On this record, there is no reasonable possibility that defendant would have received a more favorable result.

We note that the abstract of judgment incorrectly indicates that defendant was convicted of two counts of section 459d(a). The jury found defendant guilty of two

7

counts of receiving a stolen vehicle in violation of section 496d, subdivision (a).  This court has the inherent power to correct clerical errors in its records.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)  Accordingly, we modify the abstract of judgment to strike the references to section 459d(a) and to indicate the convictions of section 496d, subdivision (a) for counts 1 and 2 for receiving a stolen vehicle.

### III.  DISPOSITION

The trial court is directed to prepare an amended abstract of judgment reflecting that defendant was convicted in counts 1 and 2 of receiving a stolen vehicle in violation of section 496d, subdivision (a), and to forward an amended abstract of judgment to the Department of Corrections and Rehabilitation.  As so modified, the judgment is affirmed.

_____
Rivera, J.

We concur:

_____
Ruvolo, P.J.

_____
Reardon, J.