Filed 10/6/21  Close v. Tan CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| LISA MARIE CLOSE,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>STUART K. TAN,<br><br>        Defendant and Respondent. | A160283<br><br>(Solano County Super. Ct.<br> No. FCS052549) |

Plaintiff Lisa Marie Close sued defendant Stuart K. Tan, a police officer, for assault, battery, and false arrest.  Tan obtained judgment on the pleadings on the ground of collateral estoppel, also known as issue preclusion.[1]  On appeal, Close argues that issue preclusion does not bar her claims.  We shall reverse the judgment in part.

---

[1]     As a note regarding terminology, "issue preclusion" and "collateral estoppel" have, for some time, been used interchangeably.  (See, e.g., *Hernandez v. City of Pomona* (2009) 46 Cal.4th 501, 505; *Pike v. Hester* (9th Cir. 2018) 891 F.3d 1131, 1138.)  In 2018, the California Supreme Court indicated it would "use 'issue preclusion' in place of 'direct or collateral estoppel.' " (*Samara v. Matar* (2018) 5 Cal.5th 322, 326.)  We strive to do the same, though we refer to collateral estoppel at times because the lower court and the parties use that term, as does much case law.

1

## FACTUAL AND PROCEDURAL BACKGROUND

During a medical appointment at Sutter Regional Medical Center, Close and her doctor had a disagreement about her course of treatment. Thereafter, Close exited the exam room, spoke with hospital personnel, then returned to the exam room to retrieve her belongings. A hospital security guard informed Close that he would escort her from the premises and a police officer was on the way. The guard asked her to exit the exam room " 'at least twice.' "

Officer Tan arrived at the scene in response to a report that a patient refused to exit an exam room. Tan spoke to the on-site security guard who affirmed that Close refused his request to leave. Before Tan engaged with Close, he confirmed the guard's report with medical care providers, who said they wanted Close escorted from the premises. Tan then spoke to Close, saying " 'some things to [her] about trespassing' " and asked her to leave several times, but she refused to leave the exam room. After about fifteen minutes of talking, Tan engaged his body camera. After a few more minutes of Close refusing to leave, a physical struggle between Tan and Close ensued, during which he grabbed her, pushed her to the ground, and twisted her arm causing severe pain.

### A. The Federal District Court Action

Close initially sued Tan in federal district court under 42 United States Code section 1983 (hereafter "section 1983") for excessive force and unlawful detention and arrest, and also under state law for assault, battery, and false arrest. Tan moved for summary judgment, arguing that Close's section 1983 claims were meritless and that he was entitled to qualified immunity.

The district court granted summary judgment. With regard to Close's excessive force claim, the district court found Tan was entitled to qualified

immunity because: (1) Tan "only used that level of force which a reasonable officer would believe to be necessary under the circumstances"; (2) Close "did not have a clearly established right to be free of some minimal amount of force incident to her arrest"; and (3) a reasonable officer in Tan's position reasonably could have believed the force used was not excessive. As for the unlawful arrest claim, the district court found qualified immunity applicable because when Tan arrested Close, he had a reasonable belief there was probable cause to arrest her for criminal trespass in violation of Penal Code section 602, subdivision (o). After granting summary judgment and dismissing Close's section 1983 claims with prejudice, the district court dismissed her state law claims without prejudice to refiling in state court. Close appealed to the Ninth Circuit Court of Appeals.

## B. The State Court Action

While her federal appeal was pending, Close filed the instant state action against Tan for assault, battery, and false arrest. Tan moved for judgment on the pleadings and requested judicial notice of the district court's order granting summary judgment on Close's section 1983 claims. Tan contended the district court's summary judgment and the doctrine of collateral estoppel barred Close's claims.

Close opposed Tan's motion, arguing collateral estoppel did not apply because some issues were not fully litigated or considered; she was not given a full and fair opportunity to litigate her case; and new evidence was available. The trial court granted Tan's motion without leave to amend and entered judgment in Tan's favor. Close appealed.

## C. The Ninth Circuit Decision

During the pendency of this appeal, the Ninth Circuit Court of Appeals issued its decision in Close's federal case. In an unpublished memorandum,

3

the Ninth Circuit upheld summary judgment on Close's section 1983 claim for unlawful arrest. The court, however, reversed summary judgment on the section 1983 claim for excessive force, finding genuine issues of disputed fact as to whether Tan used excessive force.

## DISCUSSION

### A. Judicial Notice of the Ninth Circuit Decision

Close requests judicial notice of the Ninth Circuit's decision partially reversing the district court's summary judgment order. (Evid. Code, §§ 452, subd. (d)(2), 459, subd. (a).) Tan filed no opposition to this request. Given the relevance of the decision to the issues raised on appeal, we hereby grant the request. We have also received and fully considered the parties' supplemental briefing addressing the effect of the Ninth Circuit decision in this appeal.

### B. Judgment on the Pleadings

A defendant is entitled to judgment on the pleadings if the complaint fails to state facts sufficient to constitute a cause of action. (Code Civ. Proc., § 438, subd. (c)(1)(B)(ii); see *Barker v. Hull* (1987) 191 Cal.App.3d 221, 227 [trial court properly applied collateral estoppel to grant motion for judgment on the pleadings].) "On appeal, we review the judgment on the pleadings de novo, applying the same test applied by the trial court. [Citations.] Under that test, we consider all the pleadings, together with matters that may be judicially noticed, and determine whether it appears the moving party is entitled to judgment as a matter of law." (*Hardy v. America's Best Home Loans* (2014) 232 Cal.App.4th 795, 802.)

" 'Collateral estoppel precludes relitigation of issues argued and decided in prior proceedings.' " (*Hernandez v. City of Pomona, supra,* 46 Cal.4th at p. 511.) The doctrine applies "only if several threshold requirements are

4

fulfilled.  First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding.  Second, this issue must have been actually litigated in the former proceeding.  Third, it must have been necessarily decided in the former proceeding.  Fourth, the decision in the former proceeding must be final and on the merits.  Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.  [Citations.]' " (*Ibid.*)  The party asserting the doctrine bears the burden to prove that these requirements are met. (*Lucido v. Superior Court* (1990) 51 Cal.3d 335, 341 (*Lucido*).)[2]  Even where these requirements are satisfied, courts must still look to the public policies underlying the doctrine—"preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation"—before concluding it should be applied.  (*Id.* at p. 343.) " 'In deciding whether the doctrine is applicable in a particular situation a court must balance the need to limit litigation against the right of a fair adversary proceeding in which a party may fully present his case.' " (*People v. Vogel* (2007) 148 Cal.App.4th 131, 136.)

### 1. *Assault and Battery*

For purposes of issue preclusion, a federal court's ruling on summary judgment is only considered final as long as it has not been reversed on appeal, or modified or set aside in the court of rendition.  (*Lumpkin v. Jordan* (1996) 49 Cal.App.4th 1223, 1230–1231.)  Here, the finality requirement is

---

[2]     The elements for issue preclusion are generally the same under federal law and would appear to yield the same result.  (See, e.g., *Janjua v. Neufeld* (9th Cir. 2019) 933 F.3d 1061, 1065 ["For issue preclusion to apply, four conditions must be met: '(1) the issue at stake was identical in both proceedings; (2) the issue was actually litigated and decided in the prior proceedings; (3) there was a full and fair opportunity to litigate the issue; and (4) the issue was necessary to decide the merits.' "].)

not met because the Ninth Circuit reversed summary judgment as to Close's excessive force claim. Thus, even assuming, as Tan contends, that the federal district court made findings dispositive of Close's state claims for assault and battery when granting summary judgment on her section 1983 claim for excessive force, those findings no longer support application of the issue preclusion bar. Tan's supplemental briefing offers no counterargument to this point.

In light of the Ninth Circuit's decision, we reverse the grant of judgment on the pleadings as to the causes of action for assault and battery.

### 2. *False Arrest*

We turn to whether issue preclusion bars litigation of the false arrest claim.

A cause of action for false arrest by a peace officer requires proof of three elements: (1) the defendant arrested the plaintiff without a warrant, (2) the plaintiff was actually harmed, and (3) the defendant's conduct was a substantial factor in causing the harm. (*Levin v. United Air Lines, Inc.* (2008) 158 Cal.App.4th 1002, 1018; see CACI No. 1401.) However, Penal Code section 847, subdivision (b)(1), provides that no civil liability or cause of action shall arise against an officer "acting within the scope of his or her authority, for false arrest or false imprisonment arising out of any arrest" where the "arrest was lawful, or *the peace officer, at the time of the arrest, had reasonable cause to believe the arrest was lawful.*" (Italics added.)

The district court found that Tan was entitled to qualified immunity as to Close's section 1983 claim for unlawful arrest because Tan had a reasonable belief there was probable cause to arrest her for criminal trespass. In reaching that conclusion, the court explained it was evaluating the "second prong" of the qualified immunity analysis in the context of an unlawful arrest

6

claim pursuant to the standard set out in *Rosenbaum v. Washoe County* (9th Cir. 2011) 663 F.3d 1071 (*Rosenbaum*). As *Rosenbaum* explained: "An officer who makes an arrest without probable cause . . . may still be entitled to qualified immunity *if he reasonably believed there to have been probable cause.* [Citation.] [¶] In the context of an unlawful arrest, then, the two prongs of the qualified immunity analysis can be summarized as: (1) whether there was probable cause for the arrest; and (2) *whether it is reasonably arguable that there was probable cause for arrest*—that is, *whether reasonable officers could disagree as to the legality of the arrest* such that the arresting officer is entitled to qualified immunity."[3] (663 F.3d at p. 1076, italics added; *id.* at p. 1078 [framing the reasonableness question in somewhat different ways].)

In granting judgment on the pleadings as to Close's false arrest claim, the trial court indicated the district court's finding was dispositive on the application of the civil immunity provision set forth in Penal Code section 847, subdivision (b)(1). Specifically, the trial court determined:

---

[3]      Generally, a police officer's entitlement to qualified immunity is resolved by a two-prong inquiry: first, a court considers whether the alleged facts show the officer's conduct violated a constitutional right; and second, the court considers whether the right was clearly established at the time of the alleged violation. (*Saucier v. Katz* (2001) 533 U.S. 194, 201.) While it is "often appropriate" to assess these prongs sequentially, it is not mandatory to do so and a determination on the second prong may be dispositive. (*Pearson v. Callahan* (2009) 555 U.S. 223, 236 [overruling *Saucier's* mandate that the prongs be addressed in order].) Thus, after observing that the second prong inquiry "turns on the 'objective legal reasonableness of the [officer's] action, assessed in light of the legal rules that were clearly established at the time it was taken,'" the high court in *Pearson* determined that qualified immunity applied in the case before it because the officers reasonably believed, based on federal authorities at the time, that their conduct complied with the law. (*Pearson*, at pp. 244–245.)

"There can be no liability for false arrest or false imprisonment when a police officer has reasonable cause to believe the arrest was lawful. (Pen. Code § 847(b)(l); *O'Toole v. Superior Court* (2006) 140 Cal.App.4th 488, 510–511.) [This] pivotal issue[] w[as] previously decided in the federal case."

We agree with the trial court that the district court's ruling is dispositive. As explained below, the elements of issue preclusion have all been met.

First, "[t]he 'identical issue' requirement [which] addresses whether 'identical factual allegations' are at stake in the two proceedings" is plainly fulfilled. (*Lucido*, *supra*, 51 Cal.3d at p. 342; *Frank v. United Airlines, Inc.* (9th Cir. 2000) 216 F.3d 845, 851.)

Second, the issue of whether it was reasonable for Tan to believe that the arrest was lawful was "actually litigated" in the district court. "An issue was 'actually litigated' . . . if it was properly raised, submitted for determination, and decided in the prior proceeding." (*Bridgeford v. Pacific Health Corp.* (2012) 202 Cal.App.4th 1034, 1042; *Janjua v. Neufeld*, *supra*, 933 F.3d at p. 1066.)

Third, the issue of Tan's reasonable belief was "necessarily decided" in the federal action. (*Lucido*, *supra*, 51 Cal.3d at p. 342; *Resolution Trust Corp. v. Keating* (9th Cir. 1999) 186 F.3d 1110, 1115.) As noted earlier (see fn. 3, *ante*), evaluation of whether qualified immunity applies can begin and end with a discussion of the second prong, which is what the district court did when it granted summary judgment upon finding that Tan had a reasonable belief there was probable cause to arrest.

Fourth, the decision of the district court on this subject is final and on the merits. Here, the Ninth Circuit affirmed summary judgment as to Close's section 1983 claim for false arrest based on the same second prong

8

*Rosenbaum* analysis that the district court relied on. (*Lumpkin v. Jordan, supra*, 49 Cal.App.4th at pp. 1230–1231.)

Fifth, there is no question that the same party or privity requirement is satisfied.

In disputing the application of issue preclusion, Close suggests the trial court viewed the district court's determination that Tan had a reasonable belief there was probable cause to arrest as a finding concerning the *first prong* of *Rosenbaum*'s qualified immunity analysis, i.e., as a finding of probable cause.[4] Close then argues that even if the district court made a finding of probable cause under the first prong, that finding was unnecessary to the adjudication of the qualified immunity issue and has no preclusive effect given the Ninth Circuit's affirmance on the second prong finding only.

We are not persuaded. In the first place, the record is reasonably clear that the district court did in fact make a finding on the second prong of the *Rosenbaum* analysis, which evaluates whether the officer reasonably believed there to have been probable cause to arrest. (See *Rosenbaum, supra*, 663 F.3d at p. 1076.) Thus, the decisions of the district court and the Ninth Circuit are aligned on the matter. And while we do not agree that the trial court misconstrued the district court's finding, any such error has no effect on our de novo review of the judgment on the pleadings. (*Hardy v. America's Best Home Loans, supra*, 232 Cal.App.4th at p. 802.)

More to the point, Close never addresses the language of subdivision (b)(1) of Penal Code section 847, which provides for peace officer immunity against a claim of false arrest when "*the peace officer, at the time of the arrest, had reasonable cause to believe the arrest was lawful.*" (Italics added.) Nor

---

[4] Tan also appears to assume the district court's finding was a finding of probable cause.

does she argue in her opening and reply briefs that a determination concerning Tan's reasonable belief does not qualify Tan for immunity under that statutory provision.[5] Thus, it appears all the requirements for application of the collateral estoppel doctrine are satisfied here.[6]

---

[5] After we issued a tentative opinion, and near the date for oral argument following a lengthy continuance of that date, Close filed a request for leave to file supplemental briefing and a proposed supplemental brief. In short, Close sought leave to argue the district court's determination that Tan had a reasonable belief that there was probable cause to arrest did not qualify Tan for immunity under section 847, subdivision (b)(1), given the interpretation of that statute in *Cornell v. City & County of San Francisco* (2017) 17 Cal.App.5th 766 (*Cornell*). Close indicated she discovered *Cornell* after we issued our tentative opinion, and in preparation for oral argument.

Close, however, never raised this argument in the trial court below, despite the trial court's explicit reliance on section 847, subdivision (b)(1), as the basis for its issue preclusion ruling as to the false arrest claim. Nor did she raise the argument in her opening appellate brief or her reply brief. The proper interpretation of section 847, subdivision (b)(1), is an issue that she never previously raised, and one that is open to differing views. (Compare *Cornell, supra*, 17 Cal.App.5th 766 with *Venegas v. County of Los Angeles* (2007) 153 Cal.App.4th 1230, 1241–1242, 1246; *O'Toole v. Superior Court, supra*, 140 Cal.App.4th at p. 511, citing *Galvin v. Hay* (9th Cir. 2004) 374 F.3d 739, 758.) Given the tardy manner in which Close raises this claim, we deem it forfeited and denied the request for leave to file supplemental briefing.

[6] Close belatedly contends in her reply brief that issue preclusion should not apply because the federal district court "did not fully and fairly litigat[e] the issue of whether Tan violated [her] right to be free from false arrest and battery under either the state or federal constitutional standard because the court went directly to the second prong of qualified immunity." Close's reply brief also argues that fairness militates against application of issue preclusion because the federal court dismissed her state claims without prejudice to her pursuing them in state court, and the state court is not reaching the merits. These contentions, however, come too late and will not be considered. (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852, fn. 10.)

Finally, we have looked at the public policies underlying issue preclusion—"preservation of the integrity of the judicial system, promotion of judicial economy, and protection of litigants from harassment by vexatious litigation"—and discern no reason why the doctrine should not apply in this case.  (*Lucido, supra,* 51 Cal.3d at p. 343; *People v. Vogel, supra,* 148 Cal.App.4th at p. 136.)

In sum, judgment on the pleadings was properly granted as to Close's state claim for false arrest.

### DISPOSITION

The judgment is reversed in part.  The trial court is directed to vacate its order granting Tan's motion for judgment on the pleadings on the assault and battery causes of action and to enter a new order denying the motion to that extent.  The judgment is affirmed in all other respects.  The parties shall bear their own costs on appeal.

_____
Fujisaki, Acting P. J.

WE CONCUR:


_____
Jackson, J.


_____
Chou, J.*

A160283/*Close v. Tan*

_____

* Judge of the Superior Court of San Mateo County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

12