Filed 5/25/22  del Fierro v. DynCorp Internat. CA2/6
(unmodified opinion attached)

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| RAMON DEL FIERRO,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>DYNCORP INTERNATIONAL, LLC,<br><br>    Defendant and Respondent. | 2d Civil No. B312841<br>(Super. Ct. No. 56-2019-00534888-CU-OE-VTA)<br>(Ventura County)<br><br>ORDER MODIFYING OPINION<br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on May 9, 2022, be modified as follows:

On the last page, the listing of counsel page, the attorney's name for defendant and respondent, Stephen B. Katz, is changed to "Steven B. Katz."

There is no change in the judgment.

Gilbert, P.J.                    Perren, J.                    Tangeman, J.

Filed 5/9/22  Del Fierro v. DynCorp International CA2/6 (unmodified opinion)

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

|  |  |
|---|---|
| RAMON DEL FIERRO,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>DYNCORP INTERNATIONAL, LLC,<br><br>    Defendant and Respondent. | 2d Civil No. B312841<br>(Super. Ct. No. 56-2019-00534888-CU-OE-VTA)<br>(Ventura County) |

Plaintiff brought an action against his former employer under the Private Attorneys Generals Act (PAGA) (Lab. Code,[1] § 2699) for violation of section 226, subdivision (a)(9).  Plaintiff was employed by a private contractor on a United States military base.  The trial court concluded that plaintiff's action was barred by the federal enclave rule.  (U.S. Const., art. I, § 8, cl. 17.)  The court granted defendant judgment on the pleadings.  We affirm.

_____

[1] All statutory references are to the Labor Code unless otherwise stated.

FACTS

In 1954 the State of California ceded to the federal government the land occupied by the Point Mugu Naval Air Station (Point Mugu). Ramon del Fierro worked for DynCorp International, LLC (DynCorp) at Point Mugu servicing military jets from 2016 to 2019. Because he worked the evening shift, his union contract required that he be paid a shift differential of $1.85 per hour, later raised to $2.05 per hour.

Del Fierro's wage statements showed the total amount of shift differential pay he received and the shift differential hourly rate. The wage statements did not show the total number of shift differential hours he worked. That amount could be easily calculated, however, by dividing the total shift differential pay by the hourly rate.

*Complaint*

Del Fierro brought this action against DynCorp on behalf of himself and others alleging that DynCorp violated section 226, subdivision (a)(9) requiring wage statements to show "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate."

The complaint sought statutory penalties under sections 226.3 and 2699, subdivision (f).

Section 226.3 provides, in part: "Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226."

2

Section 2699, subdivision (f) provides, in part: "For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: . . . [¶] (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation."

Although the civil penalties are within the purview of the Labor and Workforce Development Agency, section 2699, subdivision (a) provides, in part: "(a) Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency . . . for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees . . . ."

*Procedure*

DynCorp demurred on the ground that section 226.3 limits civil penalties for the employer's failure to provide the employee with "a wage deduction statement" or where the employer "fails to keep the records required in subdivision (a) of Section 226." DynCorp pointed out that Del Fierro alleged neither violation in his complaint. The trial court overruled the demurrer.

After answering, DynCorp moved for judgment on the pleadings. DynCorp claimed that Point Mugu's status as a federal enclave barred application of PAGA to actions by employees working at Point Mugu. The trial court denied the motion.

3

DynCorp made a second motion for judgment on the pleadings, again arguing that PAGA could not be applied on a federal enclave. Thus, Del Fierro has no private right of action to enforce the penalties under section 226.3. This time the trial court agreed and granted the motion.

The trial court stated it erred in denying DynCorp's first motion for judgment on the pleadings because it did not understand that Del Fierro's claims depended on PAGA. The court concluded that PAGA did not apply to Point Mugu because Point Mugu was ceded to the federal government decades prior to the enactment of PAGA.

DISCUSSION

I

*Application of PAGA in a Federal Enclave*

The United States Constitution gives Congress the power to exercise exclusive legislation "over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings." (U.S. Const., art. I, § 8, cl. 17.)

When an area in a state becomes a federal enclave, only the state law in effect at the time of the transfer continues in force, and, going forward, the state law does not apply to the enclave. (*Parker Drilling Management Services, Ltd. v. Newton* (2019) __ U.S. __ [139 S.Ct. 1881, 1890].)

Del Fierro's complaint alleges that he worked at Point Mugu from 2016 to 2019. It is undisputed that Point Mugu became a federal enclave in 1954. PAGA became effective on January 1, 2004. (Stats. 2003, ch. 906, § 2.)

Del Fierro argues that PAGA is procedural; it simply allows an employee to act as an agent of the state in collecting civil

4

penalties.  (Citing *Julian v. Glenair, Inc.* (2017) 17 Cal.App.5th 853, 871.)  But PAGA also has a substantive part.  Section 2699, subdivision (f) provides for civil penalties for violation of the Labor Code.  Del Fierro's complaint requests those civil penalties.  Having arisen decades after Point Mugu became a federal enclave, the federal enclave rule bars the imposition of such penalties here.

In apparent recognition that the penalties under section 2699, subdivision (f) are barred, Del Fierro focuses his appeal on section 226.  He claims that section 226 was enacted in 1943, before Point Mugu became a federal enclave.  But a code section number is not the law; the law is contained in the text of the code section.  Del Fierro makes no effort to show that section 226 as it existed prior to 1954 contained the text of the law on which he relies.

As first enacted in 1943, section 226 required only that employers provide written statements of any deductions from an employee's pay.  (*Ward v. United Airlines, Inc.* (2020) 9 Cal.5th 732, 745.)  The only amendment prior to 1954 required that the statement be a detachable part of the pay check.  (Stats. 1945, ch. 1140, § 1.)  The Legislature did not add the requirement to section 226 that a wage statement provide "all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee," the provision on which Del Fierro relies, until 2000.  (Stats. 2000, ch. 876, § 6, capitalization omitted.)  Moreover, section 226.3, the statute that establishes the civil penalties Del Fierro's complaint seeks, was not enacted until 1979.  (Stats. 1979, ch. 1050, § 3.)

Del Fierro's reliance on *Paul v. United States* (1963) 371 U.S. 245 is misplaced.  In *Paul*, the question was whether price

5

control on milk enacted by the state of California applied on various military bases in the state. The Supreme Court concluded, "[T]he current price controls over milk are applicable to [milk sales], provided the basic state law authorizing such control has been in effect since the times of these [military base] acquisitions." (*Id*. at p. 269.)

The term "basic state law" as used in *Paul* must be narrowly interpreted to prevent the prior state law exception from overwhelming the federal enclave constitutional rule. (See *Allison v. Boeing Laser Technical Services* (10th Cir. 2012) 689 F.3d 1234, 1243 [changes in state labor law related to wrongful termination not applicable in federal enclave].) *Paul* allowed only administrative changes to the price of milk under a legislative program that began prior to the establishment of a federal enclave. *Paul* did not contemplate substantive legislative changes to the program itself. That there would be administrative changes in the price of milk was an essential part of the original state program.

Here we are not concerned with administrative changes contemplated by the original statute. We are concerned with substantive change to the statute itself. The statutory provision on which Del Fierro's case depends did not exist prior to 1954 when Point Mugu became a federal enclave.

For the first time in his reply brief, Del Fierro contends DynCorp is barred by collateral estoppel from claiming section 226 is not enforceable at Point Mugu. In a parallel federal class action, the federal district court denied DynCorp's motion for judgment of the pleadings. DynCorp's motion was based on the contention that the federal enclave rule barred the application of section 226. The court denied the motion on the ground that

6

section 226 was enacted before Point Mugu became a federal enclave.

Del Fierro's contention lacks merit for a number of reasons.

First, we do not ordinarily consider matters raised for the first time in the reply brief. (*Baugh v. Garl* (2006) 137 Cal.App.4th 737, 746.) Del Fierro referred to the case under the facts in his opening brief, but did not raise the contention that it had a preclusive effect. Del Fierro provides no reason why he did not raise the issue in his opening brief. The issue has been waived.[2]

Second, collateral estoppel requires a final decision on the merits in a prior action. (*In re Marriage of Furie* (2017) 16 Cal.App.5th 816, 828.) A motion for judgment on the pleadings is the equivalent of a demurrer. (*Hardy v. America's Best Home Loans* (2014) 232 Cal.App.4th 795, 802.) Del Fierro cites no authority that supports its claim that the denial of a motion for judgment on the pleadings or an order overruling a demurrer is sufficiently determinative to constitute a final decision on the merits.

Finally, as we have explained above, the district court's ruling was wrong.

II

*Section 226.3 Does Not Apply*

By its terms section 226.3 provides civil penalties for an employer who "fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226."

---

[2] DynCorp's motion to strike the issue, filed February 22, 2022, is granted.

That is not what Del Fierro is alleging. He is alleging that DynCorp failed to provide the hourly rates and the corresponding number of hours worked at each hourly rate. By the plain wording of section 226.3, it does not apply to the alleged violation of section 226. (See *Gunther v. Alaska Airlines, Inc.* (2021) 72 Cal.App.5th 334, 354-355 [limiting the application of section 226.3 to failure to provide wage deduction statement and keep required records; disapproving of *Raines v. Coastal Pacific Food Distributors, Inc.* (2018) 23 Cal.App.5th 667, 675, applying section 226.3 to all violations of section 226].)

III

*DynCorp's Second Motion for Judgment on the Pleadings*

Del Fierro contends the trial court erred in allowing DynCorp's second motion for judgment on the pleadings.

Del Fierro argues DynCorp's second motion did not satisfy the requirements of Code of Civil Procedure section 1008 that a motion for reconsideration be based on different facts, circumstances, or law.

Code of Civil Procedure section 1008, subdivision (a) gives the trial court the power to deny a second motion for failure to show different facts, circumstances, or law. But the court has the inherent power to correct its errors. (*Le Francois v. Goel* (2005) 35 Cal.4th 1094, 1107 [Code of Civil Procedure section 1008 does not limit the court's ability on its own motion to correct errors].) If the court believes one of its interim orders was erroneous, the court is able to correct the error no matter how it came to acquire that belief. (*Le Francois*, at p. 1108.) Thus, the trial court did not err in granting DynCorp's second motion for judgment on the pleadings.

8

The judgment is affirmed.  Costs are awarded to respondent.

NOT TO BE PUBLISHED.


GILBERT, P. J.


We concur:


PERREN, J.


TANGEMAN, J.

9

Ronda J. McKaig, Judge

Superior Court County of Ventura

_____

Diversity Law Group, Larry W. Lee; Law Offices of Choi & Associates, Edward W. Choi; Polaris Law Group, William L. Marder; Hyun Legal and Dennis S. Hyun for Plaintiff and Appellant.

Constangy, Brooks, Smith & Prophete and Stephen B. Katz for Defendant and Respondent.