Filed 2/28/24  Gonzales v. Ramirez CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| JONATHAN GONZALES, | C093979 |
| Plaintiff and Appellant, | (Super. Ct. No. 18FL01318) |
| v. | |
| HEATHER RAMIREZ, | |
| Defendant and Respondent. | |

In a family law action, petitioner Jonathan Gonzales (Gonzales) and respondent Heather Ramirez (Ramirez) signed a stipulation in which Gonzales agreed to dismiss a separate civil action he had filed against Ramirez and others.  After Gonzales later refused to perform, the family court granted Ramirez's motion to enforce the stipulation and dismissed the separate civil action.

Gonzales appeals from the order dismissing the civil action.  He contends the family court lacked authority to dismiss the civil action because (1) the stipulation was

1

not signed by all the defendants to the civil action, and (2) alternatively, the stipulation was unconscionable.

We affirm. Statutory citations are to the Code of Civil Procedure unless otherwise indicated.

FACTUAL AND PROCEDURAL BACKGROUND

Gonzales filed an action against Ramirez concerning their child in the family court (the family law action). Due to the animosity between Gonzales and Ramirez, the family court held a special session in July 2019 to address their disagreements. At the end of the special session, the family court adopted a two-page stipulation between Gonzales and Ramirez as its order. As part of the stipulation, Ramirez agreed to withdraw a pending domestic violence restraining order request she had filed against Gonzales, and Gonzales agreed to withdraw a pending civil case he had filed against Ramirez, her counsel, and her parents (the civil action). The stipulation was drafted by Gonzales's family law counsel and signed by Gonzales, his family law counsel, Ramirez, and Ramirez's counsel. It did not include a mutual release of claims by the parties. Gonzales, who is also an attorney, confirmed to the family court that he reviewed the stipulation, understood its contents, and agreed to be bound by it.

Following the entry of the stipulation, Ramirez withdrew her pending domestic violence restraining order request, but Gonzales refused to withdraw the civil action, claiming that Ramirez and other defendants in the civil action had failed to sign a release for attorney's fees and costs. Ramirez moved the family court to enforce the stipulation pursuant to section 664.6 and to sanction Gonzales. In his tardy opposition to the motion, Gonzales attached a declaration from his counsel in the civil action who claimed he was not present at the special session and, had he been there, he would have included a release in the stipulation as a condition precedent to the dismissal of the civil action. At the hearing on Ramirez's motion, Gonzales's civil counsel expressed "grave concern" of exposing Gonzales to attorney's fees due to the lack of a release.

The family court granted Ramirez's motion in January 2020, ordering Gonzales to dismiss the civil action and awarding Ramirez attorney's fees. It found the stipulation did not require Ramirez or other defendants in the civil action to sign a release as a condition for Gonzales to dismiss the action.

Gonzales did not comply with the January 2020 order, again citing the lack of a release. In February 2021, the family court granted Ramirez's request to dismiss the civil action. Gonzales timely appealed.[1]

DISCUSSION

I

*Section 664.6*

Gonzales contends the family court erred in enforcing the stipulation under section 664.6 because several defendants to the civil action did not sign the stipulation. He further claims because the signature requirement in section 664.6 was not satisfied, the family court lacked authority to dismiss the civil action under section 128.[2] We disagree.

"If parties to pending litigation stipulate, in a writing signed by the parties outside of the presence of the court or orally before the court, for settlement of the case, or part

---

[1] We received Gonzales's notice of appeal on April 19, 2021. The briefing schedule was delayed due to delays in preparation of the record, Gonzales's defaults, motions to augment the record, and the parties' requests for extension of time to file their briefs. The case was fully briefed on December 15, 2023.

Gonzales also filed a separate notice of appeal on the family court's custody order. But his opening brief does not address any custody issues.

[2] Ramirez contends that res judicata bars Gonzales's appeal because his previous appeal of the January 2020 order was dismissed for failure to designate the clerk's transcript and reporter's transcript. We reject this contention because such a dismissal did not constitute a final judgment on the merits for the purpose of applying res judicata. (See *Hardy v. America's Best Home Loans* (2014) 232 Cal.App.4th 795, 803 ["a dismissal for failure to prosecute is not a final judgment on the merits"].)

3

thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement." (§ 664.6, subd. (a).) A writing is signed by a party if it is signed by the party or an attorney who represents the party. (§ 664.6, subd. (b).)

Section 664.6's requirement of a " 'writing signed by the parties' " applies to "all parties bringing the section 664.6 motion and against whom the motion is directed." (*Harris v. Rudin, Richman & Appel* (1999) 74 Cal.App.4th 299, 306.) But this does not mean section 664.6 requires "the signature of *all* of the parties in the action." (*Harris,* at p. 306) "[T]he statute does not require that the agreement be executed by every party to the action who benefits from it." (*Provost v. Regents of University of California* (2011) 201 Cal.App.4th 1289, 1299.)

We review the trial court's factual findings on a section 664.6 motion for substantial evidence, and review independently the construction and application of the statute. (*Williams v. Saunders* (1997) 55 Cal.App.4th 1158, 1162.)

Here, section 664.6's signature requirement was satisfied because both Gonzales and Ramirez, parties to the pending family law action, the civil action, and the section 664.6 motion, signed the stipulation.[3] Other defendants in the civil action are beneficiaries of the stipulation, and their signatures were unnecessary for its enforcement. Thus, the family court did not err in finding the stipulation enforceable under section 664.6. Having concluded the requirements in section 664.6 were met, we need not address defendant's contention that the family court lacked authority to dismiss the civil action under section 128.

---

[3] Gonzales claims in his reply brief, without citation to the record, that Ramirez's parents also moved for enforcement of the stipulation. This is inconsistent with the record which shows Ramirez as the sole moving party.

## II

### *Unconscionability*

Gonzales contends the stipulation was unconscionable because his civil counsel was not notified of or present at the special session, and the stipulation lacks a mutual release of claims. We disagree because there is no procedural unconscionability.

"Unconscionability consists of both procedural and substantive elements; the procedural element addresses the circumstances of contract negotiation and formation, focusing on oppression and surprise due to unequal bargaining power, while the substantive element pertains to the fairness of the agreement's actual terms." (*Von Nothdurft v. Steck* (2014) 227 Cal.App.4th 524, 535.) Both procedural and substantive unconscionability must be present to establish unconscionability. (*Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 114.) The unconscionability of an agreement is a question of law that we review de novo. (*Dougherty v. Roseville Heritage Partners* (2020) 47 Cal.App.5th 93, 102.)

Here, Gonzales fails to demonstrate procedural unconscionability. He was represented by his family law counsel, who drafted the stipulation, at the special session. Gonzales, an attorney himself, confirmed to the family court that he reviewed, understood, and agreed to the terms of the stipulation. He does not claim that Ramirez had superior bargaining power, that he was pressured into signing the stipulation, or that he lacked sufficient time to review it. Although Gonzales's civil counsel was not present at the special session and might have proposed different stipulation terms had he been there, we find no oppression or unfair surprise. Absent procedural unconscionability, we need not consider whether the stipulation is substantively unconscionable.

Gonzales further contends that the execution of a waiver by all defendants in the civil action was an implied requirement of the stipulation. We disregard this contention because it is not supported by citation to the record or legal authority. (*County of Sacramento v. Singh* (2021) 65 Cal.App.5th 858, 861.)

5

## DISPOSITION

The judgment is affirmed.  Ramirez shall recover costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(2).)

/s/
MESIWALA, J.

We concur:

/s/
EARL, P. J.

/s/
ROBIE, J.

6