**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



**FILED**

FEB 12 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HOOMAN MELAMED, M.D., an individual and HOOMAN M MELAMED MD, INC., a California Professional Corporation, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> BLUE CROSS OF CALIFORNIA and ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY, <br><br> Defendants - Appellees. | No. 12-55284 <br><br> D.C. No. 2:11-cv-04540-PSG-FFM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted February 5, 2014[**]
Pasadena, California

Before: KLEINFELD, SILVERMAN, and HURWITZ, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

In the last six years, plaintiff-appellant Dr. Hooman Melamed[1] has filed three lawsuits against Blue Cross of California and Anthem Blue Cross Life and Health Insurance Company, collectively, the "WellPoint defendants." After he voluntarily dismissed the first and second lawsuits, Melamed filed the present action in California state court. Under various legal theories, Melamed's present lawsuit alleges that the WellPoint defendants systematically underpaid him as an out-of-network provider. His previous two voluntarily dismissed lawsuits made the same general allegations. After determining that some of the patients at issue in this case were covered by an ERISA plan at the time of treatment, the WellPoint defendants removed the case to federal district court on the ground that at least one claim was completely preempted by ERISA.

The district court held that removal was proper based on ERISA's powerful complete preemption. The district court then dismissed Melamed's complaint with prejudice under Rule 41's "two dismissal" rule. Melamed appeals both of these determinations. We have jurisdiction under 28 U.S.C. § 1291, and we review both determinations de novo. Marin Gen. Hosp. v. Modesto & Empire Traction Co., 581

---

[1] Dr. Melamed's medical practice, Hooman Melamed MD., Inc., is also a named plaintiff in this present suit. We refer to both plaintiffs as Dr. Melamed for brevity.

F.3d 941, 944 (9th Cir. 2009); Lake at Las Vegas Investors Grp., Inc. v. Pac. Malibu Dev. Corp., 933 F.2d 724, 725 (9th Cir. 1991). We affirm.

ERISA has two separate preemption doctrines, conflict preemption and complete preemption. It is complete preemption that we are concerned with in this case. When one of a plaintiff's state-law claims is completely preempted by ERISA, the case may be removed to federal court even though the complaint does not state a federal cause of action on its face. See Marin, 581 F.3d at 944–45.

Here, Melamed's breach of implied contract claim is completely preempted because through that claim, Melamed seeks reimbursement for benefits that exist "only because of [the defendant's] administration of ERISA-regulated benefit plans." Cleghorn v. Blue Shield of Cal., 408 F.3d 1222, 1226 (9th Cir. 2005) (internal quotation marks omitted). In the operative complaint, Melamed alleges that as "a direct and proximate result of Defendants' breach of its obligations under the written contracts between Defendants and Defendants' members, to which Plaintiffs are third-party beneficiaries, Plaintiffs have suffered damages." Because some of these "written contracts" are ERISA plans, Melamed is claiming that he is owed money under the terms of an ERISA plan. This claim is completely

3

preempted under <u>Cleghorn v. Blue Shield of California</u>, giving the district court subject matter jurisdiction over this case. <u>See</u> <u>id.</u>

In his argument to the contrary, Melamed relies heavily on our decision in <u>Marin General Hospital v. Modesto & Empire Traction Co.</u> 581 F.3d 941. But <u>Marin</u> is not applicable to this case. In <u>Marin</u>, we explained that a hospital's oral contract claim was not preempted because the hospital did "not contend that it [was] owed this additional amount because it [was] owed under the patient's ERISA plan. *Quite the opposite*. The Hospital [was] claiming this amount precisely because it [was] *not* owed under the patient's ERISA plan." <u>Id.</u> at 947 (emphasis added). Melamed, by contrast, does claim that he is owed money as a third-party beneficiary under the terms of his patient's ERISA plan. Thus his case is squarely covered by the rule in <u>Cleghorn</u>. His claims are preempted.

Melamed also argues that removal was improper "because ERISA does not govern all of the underlying medical claims." He is mistaken. We evaluate whether an individual <u>claim</u> is completely preempted. If it is, the existence of other nonpreempted claims will not save the case from federal removal jurisdiction. <u>See</u>

4

Fossen v. Blue Cross & Blue Shield of Mont., Inc., 660 F.3d 1102, 1109–10 (9th Cir. 2011).

Having concluded that the case was properly removed, we now consider whether it was properly dismissed. Rule 41(a)(1)(B) provides that if a plaintiff "previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication upon the merits."

The record reveals that the claims Melamed asserts in his present lawsuit are substantially the same as those he twice voluntarily dismissed under Rule 41, namely, that the WellPoint defendants failed to pay him the usual, customary, and reasonable rate for the care he provided as an out-of-network provider. These claims arose out of "the same transactional nucleus of facts," involve infringements of the same rights, and would involve the same evidence. Accordingly, we hold that the district court did not err by dismissing his case with prejudice under the two dismissal rule. See Costantini v. Trans World Airlines, 681 F.2d 1199, 1201–02 (9th Cir. 1982). We reject Melamed's argument that because his second dismissal may have been in response to a court order, it was not "voluntary,"

because in both of his notices of dismissal, he stated that he "voluntarily dismiss[ed]" his claims "pursuant to Federal Rule of Civil Procedure 41(a)(1)."

We also reject Melamed's argument that because the present action contains claims based on patient treatment that postdates the dismissal of his first voluntarily dismissed complaint, he is saved from the two dismissal rule. This argument fails because it is the dismissal of the <u>second</u> action that operates as an adjudication on the merits, not the first. <u>See</u> Fed. R. Civ. P. 41(a)(1)(B). Thus, the fact that certain claims may not have been included in Melamed's first voluntarily dismissed action is irrelevant. While he also points out that two of the claims he identified in the operative complaint also postdate the filing of his second voluntarily dismissed action, those claims arose before Melamed dismissed that action and fall within the allegations he made in that case. Thus, they were within the scope of the claims barred by his dismissal of that action.

The judgment of the district court is **AFFIRMED**.

6