Filed 12/22/14

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| KNOWLEDGE HARDY, Plaintiff and Appellant, v. AMERICA'S BEST HOME LOANS et al., Defendants and Respondents. | F067389 (Super. Ct. No. 651557) OPINION |

APPEAL from a judgment of the Superior Court of Stanislaus County.  Timothy W. Salter, Judge.

Knowledge Hardy, in pro. per., for Plaintiff and Appellant.

Carlson Law Group, Mark C. Carlson, Adam L. Pedersen; Manning & Kass, Ellrod, Ramirez, Trester, Darin L. Wessel for Defendants and Respondents.

Plaintiff Knowledge Hardy sued defendants Joe Gardella (Gardella) and America's Best Home Loans (ABHL) (collectively America's Best) in state court for fraud, breach of contract, negligence, breach of fiduciary duty, and violations of California's unfair competition law (UCL) (Bus. & Prof. Code, § 17200 et sq.).  On the first day of trial, America's Best successfully moved for judgment on the pleadings on the ground of collateral estoppel.  On appeal, Hardy, who is acting in propria persona (in

pro. per.), contends the trial court erred by dismissing the complaint because the prior action was not terminated by a judgment on the merits and the issues therein were not actually litigated. We agree and reverse the judgment.

### *FACTUAL AND PROCEDURAL BACKGROUND*

In July 2009, Hardy filed an action in the United States District Court for the Eastern District of California against IndyMac Federal Bank (IndyMac), Stearns Lending, Inc., Quality Loan Service Corp., Mortgage Electronic Registration System (MERS), ABHL and Gardella (the federal action). As pertinent here, jurisdiction was asserted over America's Best based on a federal question, namely alleged violations of the Real Estate Settlement Procedures Act of 1974, title 12, section 2601 et seq., of the United States Code (RESPA), and its implementing regulations; Hardy included additional state law claims against America's Best of negligence, breach of fiduciary duty, fraud, violations of the UCL, breach of contract, and breach of the implied covenant of good faith and fair dealing.

The claims against America's Best in the federal action arose from Hardy's refinance of a loan secured by real property on Cardinal Flower Way in Modesto. Hardy alleged that in April 2006, Gardella, a licensed real estate broker and a loan officer for ABHL, solicited Hardy to refinance his residence, telling him he could get Hardy the "best deal" and "best interest rates" available on the market. Although Hardy wanted a fixed rate, 30-year loan, Gardella advised him the only loan program available for him was an adjustable rate loan, but "the interest rate would be low and affordable." Gardella sold Hardy a "Pick-a-Pay" loan that carried an interest rate of approximately 6.875 percent, which would adjust to nearly 10 percent. The loan also had the option to pay at a rate of 1 percent, commonly referred to as a negatively amortizing loan. Hardy alleged that Gardella's representations were false and had he known of the negative amortization term, he would not have agreed to accept the loan.

2.

Hardy further alleged that America's Best failed to provide him with a copy of the loan application, and that Gardella inflated both Hardy's income, which Hardy alleged was approximately $3,200 per month, and his assets without his knowledge so he would qualify for the loan. Hardy alleged that, after the loan was completed in June 2006, the payments increased to over $3,700 per month—an amount that exceeded underwriting guidelines and Hardy's income. Quality Loan filed a notice of default in February 2009, and Hardy was sent a notice of trustee sale in May 2009.

In the federal action, America's Best moved to dismiss some of Hardy's claims and to strike certain portions of the complaint, while MERS moved to dismiss four of the claims alleged against it. (*Hardy v. IndyMac Federal Bank* (E.D.Cal. 2009) 263 F.R.D. 586, 588 (*Hardy I*).) On September 15, 2009, the district court denied America's Best's motion as to Hardy's claim based on RESPA and his claims for fraud and violations of the UCL; granted the motion as to his claims for breach of contract and breach of the implied covenant of good faith and fair dealing; and denied the motion to strike Hardy's claims for attorney fees and punitive damages. (*Hardy I, supra*, at pp. 590-592.) The district court granted MERS's motion as to all four claims. The district court dismissed the contract claims alleged against America's Best without prejudice and ordered Hardy to file a second amended complaint no later than October 5, 2009. (*Id.* at p. 595.)

Thereafter, MERS and America's Best each filed a motion for an entry of dismissal of Hardy's claims against them pursuant to rule 41(b) of the Federal Rules of Civil Procedure (28 U.S.C.) (rule 41(b)), for failure to obey the district court's order to file an amended complaint. (*Hardy v. IndyMac Federal Bank* (E.D.Cal. Nov. 12, 2009, CV-F 09-935) [nonpub. opn.] 2009 WL 3807134, p. *1 (*Hardy II*).) Hardy did not file a timely opposition to the motions. (*Id.* at p. *2.) After weighing the requisite factors for dismissing an action as a sanction, the court found that three factors—the public's interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to defendants—strongly favored dismissal of the action. Accordingly, the

district court found dismissal of MERS and America's Best an appropriate sanction for Hardy's failure to obey the district court's September 15, 2009, order to file an amended complaint and dismissed those defendants with prejudice. (*Id.* at pp. *2-4.) The district court also issued an order to show cause why the remaining defendants should not be dismissed. (*Id.* at p. *4.)

When Hardy filed an "untimely and unintelligible response" and a notice of voluntary dismissal, the district court entered a subsequent order reaffirming its prior order dismissing America's Best and MERS with prejudice under rule 41(b). (*Hardy v. IndyMac Federal Bank* (E.D.Cal. Nov. 13, 2009, CV-F 09-935) [nonpub. opn.] 2009 WL 3871910, *1 (*Hardy III*).) In addition to the three prior factors it previously determined favored dismissal, the district court found that the policy favoring disposition of a case on its merits also favored resolution of the matter, as Hardy did not assert he would take steps to resolve the matter through disposition and he attempted to dismiss his claims without prejudice. (*Id.* at p. *3.) The district court noted that, unlike a voluntary dismissal, a dismissal pursuant to rule 41(b) "'operates as an adjudication on the merits,'" and explained that Hardy had "no right to dismiss MERS and America[']s Best without prejudice once the merits of his claims against them have been considered by this Court." (*Hardy III*, *supra*, at p. *3.) The district court dismissed the remaining defendants without prejudice pursuant to Hardy's notice of voluntary dismissal and closed the action. (*Ibid.*)

In March 2010, Hardy initiated this action in state court against the same defendants, with the addition of defendant OneWest Bank, who acquired the property at the foreclosure. In his sixth amended complaint, which is the operative complaint, Hardy alleged the same facts as the complaint filed in the federal action and alleged the following causes of action against America's Best: (1) fraud; (2) breach of contract or, in the alternative, rescission; (3) negligence; (4) breach of fiduciary duty; and (5) violations of the UCL.

4.

The case proceeded to trial against America's Best only. Seven days before trial, America's Best filed an ex parte application for an order granting leave to amend their answer to add res judicata and collateral estoppel as affirmative defenses. The trial court denied the application.

Four days before trial, America's Best filed a motion for judgment on the pleadings, which was heard on the first day of trial. The motion was based "on the fact that, under principles of collateral estoppel," Hardy may not relitigate the issues raised in the federal action. America's Best asserted that the causes of action alleged in the state action are identical to those in the federal action and are based on the same facts. America's Best argued that (1) the principles of collateral estoppel preclude the state court from relitigating the issues dismissed with prejudice in federal court, as Hardy seeks to litigate the same exact issues, based on the same facts, against the same defendants; (2) the motion was proper and timely; (3) the issues in the federal action were actually litigated, as they were decided as a consequence of a motion to dismiss for failure to state a claim and the federal court dismissed the action with prejudice; and (4) collateral estoppel may be raised at trial even if not pled as an affirmative defense.

America's Best asked the trial court to take judicial notice of: (1) the first amended complaint filed in the federal action; (2) America's Best's motion to dismiss the first amended complaint in the federal action pursuant to Federal Rules of Civil Procedure, rule 12(b)(6); (3) the district court's September 15, 2009 order; (4) the district court's November 13, 2009, order dismissing the federal action with prejudice; and (5) the sixth amended complaint filed in the current case.

Hardy, who was in pro. per. at trial, did not file a written opposition to the motion. At the hearing on the motion on the first day of trial, Hardy claimed he had not received the motion. The trial court gave him an opportunity to review the motion and then heard oral arguments. America's Best's counsel argued that collateral estoppel barred the current action because the issues had been "fully and fairly litigated" in the federal

5.

action.  Hardy argued America's Best was raising issues about res judicata on a case that was dismissed for nonprosecution and never decided on its merits.

After reviewing three of the cases cited in America's Best's brief, the trial court commented that (1) the motion for judgment on the pleadings could be brought at any time; (2) collateral estoppel need not be pled as an affirmative defense; and (3) the issues in the two actions are identical, or almost exactly identical, the federal action resulted in a final judgment on the merits with prejudice, and Hardy was a party to the federal action. Hardy asserted the federal case was not decided on the merits, but rather was a dismissal because of jurisdiction.  The trial court disagreed, finding that the federal court proceedings resulted in a ruling "'on the merits'" in the sense it could have collateral estoppel effect.  The trial court granted the motion for judgment on the pleadings, as it appeared very clear to the court that it was bound by the federal court's order, and the appropriate decision was to apply the principles of collateral estoppel, which were dispositive of the issues in the case.

## *DISCUSSION*

Hardy contends the trial court erred when it granted America's Best's motion for judgment on the pleadings.  He asserts the federal action was dismissed, not on the merits but for failure to prosecute, which does not have res judicata or collateral estoppel effect under California law.  He also asserts the issues in the federal action were not actually litigated, as the issues of the income used to qualify for the loan and the broker's duty to act in his client's best interest were not determined.

A motion for judgment on the pleadings may be brought by a moving defendant on the grounds the "complaint does not state facts sufficient to constitute a cause of action against that defendant."  (Code Civ. Proc., § 438, subd. (c)(1)(B)(ii); *Barker v. Hull* (1987) 191 Cal.App.3d 221, 227 [complaint barred by collateral estoppel].)  A motion for judgment on the pleadings is subject to the same rules governing demurrers. (*Ponderosa Homes, Inc. v. City of San Ramon* (1994) 23 Cal.App.4th 1761, 1767.)  Like

a demurrer, the grounds for the motion must appear on the face of the challenged pleading or from any matter of which the court is required to take judicial notice and the plaintiff's allegations are accepted as true. (Code Civ. Proc., § 438, subd. (d); *Evans v. California Trailer Court, Inc.* (1994) 28 Cal.App.4th 540, 548; *Ponderosa Homes, supra,* at p. 1767; *Barker, supra,* at p. 224.) In considering the preclusive effect of a prior action, it is appropriate to take judicial notice of the prior order and other court records. (*Bame v. City of Del Mar* (2001) 86 Cal.App.4th 1346, 1363; Code Civ. Proc., § 438, subd. (d).)

On appeal, we review the judgment on the pleadings de novo, applying the same test applied by the trial court. (*Gerawan Farming, Inc. v. Lyons* (2000) 24 Cal.4th 468, 515-516; *Rolfe v. California Transportation Com.* (2002) 104 Cal.App.4th 239, 242.) Under that test, we consider all the pleadings, together with matters that may be judicially noticed, and determine whether it appears the moving party is entitled to judgment as a matter of law. (*Smiley v. Citibank* (1995) 11 Cal.4th 138, 146; *Guardianship of Olivia J.* (2000) 84 Cal.App.4th 1146, 1155.)

The trial court impliedly took judicial notice of the complaint and the district court's orders granting in part and denying in part America's Best's motion to dismiss for failure to state a claim and motion for entry of dismissal with prejudice filed in the federal action. In their motion, America's Best contended this dismissal was entitled to preclusive effect under the doctrine of collateral estoppel and therefore it was entitled to judgment in its favor as a matter of law. The trial court agreed.

"Res judicata, or claim preclusion, prevents religitation of the same cause of action in a second suit between the same parties or parties in privity with them. Collateral estoppel, or issue preclusion, 'precludes relitigation of issues argued and decided in prior proceedings.'" (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 896.) Under the doctrine of collateral estoppel, a prior decision precludes relitigation of an issue only if five threshold requirements are satisfied: "'First, the issue sought to be precluded from

7.

relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.'" (*Gikas v. Zolin* (1993) 6 Cal.4th 841, 849.)

Likening the federal court's dismissal of his federal action under rule 41(b) to a dismissal for failure to prosecute, Hardy asserts that collateral estoppel does not apply under California state law because the dismissal of his federal action is not a final judgment on the merits. It is well settled that, under California law, a dismissal for failure to prosecute is not a final judgment on the merits. (*Lord v. Garland* (1946) 27 Cal.2d 840, 850 [judgment dismissing prior action for "want of prosecution" is not one upon the merits and does not bar subsequent action upon the same cause]; *Gonsalves v. Bank of America* (1940) 16 Cal.2d 169, 172-173 ["it is a fundamental rule that a judgment is not *res judicata* unless it is on the merits, and a dismissal for delay in prosecution is not"]; *Franklin Capital Corp. v. Wilson* (2007) 148 Cal.App.4th 187, 215, fn. 33 ["The very definition of res judicata contemplates a judgment on the merits, and dismissals for lack of prosecution under [Code Civ. Proc., § 583.310] are not on the merits."]; *Ashworth v. Memorial Hospital* (1988) 206 Cal.App.3d 1046, 1053 [same]; *Mattern v. Carberry* (1960) 186 Cal.App.2d 570, 572 [same].)

Moreover, "[g]enerally, judgments merely of dismissal, whether voluntary or involuntary, are not on the merits and do not operate as a bar or estoppel in subsequent proceedings involving the same matters, unless it appears that the judgment necessarily involves those matters. [Citations.] [¶] When a case is dismissed without evidence having been offered it is error to render judgment on the merits. There is nothing before the court on which to base any findings determinative of the issues. The absence of proof on either side could not involve a judicial determination of the merits of the controversy.

8.

[Citations.] There must have been a right adjudicated or released in the first suit to constitute the judgment a bar or an estoppel." (*Campanella v. Campanella* (1928) 204 Cal. 515, 520-521.)

America's Best apparently concedes that the federal judgment would not have collateral estoppel effect under California law. They argue, however, that California law does not control because we must look to federal, not state, law to determine the collateral estoppel effect of the federal judgment. They assert that, under federal law, namely rule 41(b), the district court's dismissal on the merits precludes this action.

Rule 41(b) provides in part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." Application of rule 41(b) results in an involuntary dismissal where the plaintiff fails to prosecute the case, to comply with the Federal Rules of Civil Procedure, or to comply with any order of the court. (Schwarzer et al., Cal. Practice Guide: Federal Civil Procedure Before Trial (The Rutter Group 2014) ¶ 16:423, p. 16-158.2.)

America's Best contends that because rule 41(b) and the district court's order in the federal action both state that the dismissal of the federal action constituted an adjudication on the merits, and the district court stated the federal action was dismissed with prejudice, collateral estoppel applies. The United States Supreme Court has determined, however, that rule 41(b) is not a claim-preclusion rule; it applies only to the district court's internal procedures. (*Semtek Int'l Inc. v. Lockheed Martin Corp.* (2001) 531 U.S. 497, 503, 506 (*Semtek*).)

In *Semtek*, the United States Supreme Court addressed "whether the claim-preclusive effect of a federal judgment dismissing a diversity action on statute-of-limitations grounds is determined by the law of the State in which the federal court sits."

9.

(*Semtek*, *supra*, 531 U.S. at p. 499.) The plaintiff in *Semtek* had sued the defendant in California state court alleging various business torts; the defendant removed the case to federal district court in California based on diversity of citizenship and successfully moved to dismiss the claims as barred by California's two-year statute of limitations. (*Ibid.*) In its order of dismissal, the district court dismissed the claims "'in [their] entirety on the merits and with prejudice.'" (*Ibid.*) The plaintiff appealed to the Ninth Circuit Court of Appeals, which affirmed the order. (*Ibid.*) The plaintiff also sued the defendant in a Maryland state court alleging the same causes of action, which were not barred by Maryland's longer three-year limitations period. (*Ibid.*) Ultimately, the Maryland state court granted the defendant's motion to dismiss the Maryland action on the ground of res judicata. (*Id.* at p. 500.)

The plaintiff appealed to the Maryland Court of Special Appeals, which affirmed. (*Semtek*, *supra*, 531 U.S. at p. 500.) That court held that, regardless of how a California state court would treat the earlier judgment, "the dismissal by the California federal court barred the complaint filed in Maryland, since the res judicata effect of federal diversity judgments is prescribed by federal law, under which the earlier dismissal was on the merits and claim preclusive." (*Ibid.*) After the Maryland Court of Appeals declined to review the case, the United States Supreme Court granted certiorari. (*Ibid.*)

Before the United States Supreme Court, the defendant argued that, because the California federal judgment was "'on the merits,'" rule 41(b) controlled and the federal court dismissal had a claim-preclusive effect in the Maryland state court. (*Semtek*, *supra*, 531 U.S. at p. 501.) The Supreme Court rejected the defendant's assumption that all judgments "on the merits" are entitled to claim-preclusive effect and concluded the phrase "adjudication on the merits" in rule 41(b) does not bear that meaning. (*Semtek*, *supra*, at pp. 501-502.) Instead, the United States Supreme Court interpreted the "'operates as an adjudication on the merits'" default provision of rule 41(b) to mean simply that a dismissal with prejudice, unlike a dismissal without prejudice, bars renewed

10.

filing of the claim in the same federal court; it does not necessarily bar refiling the claim in state court or a different federal court. (*Semtek*, *supra*, at pp. 505-506.)

Thus, in the present case we cannot simply look to rule 41(b) to determine whether dismissal of the federal action was an adjudication on the merits. According to *Semtek*, the claim-preclusive effect of a federal judgment based on an involuntary dismissal is determined by federal law: "[*T*]*his* Court … has the last word on the claim-preclusive effect of *all* federal judgments." (*Semtek*, *supra*, 531 U.S. at p. 507.) In federal question cases, federal common law determines the claim-preclusive effect of federal court judgments, since "[s]tates cannot give those judgments merely whatever effect they would give their own judgments, but must accord them the effect that this Court prescribes." (*Ibid.*; see also *Butcher v. Truck Ins. Exchange* (2000) 77 Cal.App.4th 1442, 1452 ["California follows the rule that the preclusive effect of a prior judgment of a federal court is determined by federal law, at least where the prior judgment was on the basis of federal question jurisdiction."].)

While federal common law also governs the claim-preclusive effect of a dismissal by a federal court sitting in diversity, the federal Supreme Court concluded there was no need to establish a uniform federal rule since state, not federal, substantive law was at issue, explaining: "And indeed, nationwide uniformity in the substance of the matter is better served by having the same claim-preclusive rule (the state rule) apply whether the dismissal has been ordered by a state or a federal court. This is, it seems to us, a classic case for adopting, as the federally prescribed rule of decision, the law that would be applied by state courts in the State in which the federal diversity court sits." (*Semtek*, *supra*, 531 U.S. at p. 508.) The Supreme Court, however, placed a caveat on this rule, stating that the "federal reference to state law will not obtain, of course, in situations in which the state law is incompatible with federal interests." (*Id.* at p. 509.)

Here, while the federal order dismissed both federal and state-law claims, the claims asserted in this action involve only state claims. In that respect, the district court's

11.

dismissal of the state law claims is similar to a federal court's dismissal in a diversity action. Accordingly, under *Semtek*, the preclusive effect of the district court's dismissal is determined under California law. As we discussed above, California law does not bar this action because the federal action was not an adjudication on the merits.

Assuming, arguendo, federal law controls, it also does not bar the action because the issues in the federal action were not actually litigated. Under federal law, issue preclusion "refers to 'the preclusive effect of a judgment in foreclosing relitigation of issues that have been actually and necessarily decided in earlier litigation.'" (*In re Reynoso* (9th Cir. 2007) 477 F.3d 1117, 1122.) An issue is "actually litigated" when it "is properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined …." (See Rest. 2d Judgments, § 27, com. D, p. 255; see also 50 C.J.S. (2014) Judgments, § 1076 ["Whether an issue was actually litigated in a prior action … is generally determined by ascertaining whether the parties to the original action disputed the issue and whether that issue subsequently was resolved by the court entertaining the action."].)

America's Best does not explain how any of the issues at hand were litigated in the federal action. Instead, they point only to rule 41(b) and the district court's order, which state the adjudication was on the merits, and cite *In re Schimmels* (9th Cir. 1997) 127 F.3d 875, 884, in which the court stated that "[a]n involuntary dismissal generally acts as a judgment on the merits for purposes of *res judicata*, regardless of whether the dismissal results from procedural error or from the court's considered examination of the plaintiff's substantive claims."

Even if a dismissal under rule 41(b) supports barring a subsequent claim based on the doctrine of res judicata, a dismissal for failure to prosecute or to obey court orders does not have any collateral estoppel effect because a penalty dismissal does not adjudicate any issues in the case. (18A Wright et al., Federal Practice & Procedure: Jurisdiction (2d ed. 2002) § 4440 at p. 210 ["The provision that penalty dismissals

12.

operate as an adjudication upon the merits is limited to claim preclusion. Of itself, the dismissal does not actually adjudicate any issues and does not support issue preclusion."]; *Kern v. Hettinger* (1962) 303 F.2d 333, 340-341 [issue preclusion did not arise from dismissal for want of prosecution: "[W]e see no indication that any jurisdiction would find collateral estoppel applicable where, as here, the issues involved in the present suit were not clearly decided by the prior judgment."]; *In re Randa Coal Co.* (Bankr. W.D.Va. 1991) 128 B.R. 421, 427 ["collateral estoppel is inapplicable to penalty dismissals … where the issues in question were never actually decided"].)

Here, the district court's penalty dismissal did not clearly decide any issue in the case. Therefore, the issues raised in this action are not barred by collateral estoppel or issue preclusion. Accordingly, the trial court's judgment must be reversed.

### *DISPOSITION*

The judgment is reversed; costs on appeal are awarded to appellant.

_____
Oliver, J.[*]

WE CONCUR:

_____
Cornell, Acting P.J.

_____
Gomes, J.

_____

[*]Judge of the Superior Court of Fresno County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.