Filed 12/21/23

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| JOHN HR DOE et al., | |
| Plaintiffs and Appellants, | C095446 |
| v. | (Super. Ct. No. CVPO2100697) |
| MARYSVILLE JOINT UNIFIED SCHOOL DISTRICT, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Yuba County, Debra L. Givens, Judge. Affirmed.

MANLY, STEWART & FINALDI, John C. Manly, Morgan A Stewart, Saul E. Wolf, Cristina J. Nolan; ESNER, CHANG, BOYER & MURPHY, Shea S. Murphy, Kevin K. Nguyen, and Holly N. Boyer for Plaintiffs and Appellants.

SPINELLI, DONALD & NOTT and Lynn A. Garcia for Defendant and Respondent.

John HR Doe filed and dismissed a state court action against the Marysville Joint Unified School District (the School District). Other Does filed and dismissed their own

1

state court action against the School District.  After that, John HR Doe and the other Does (collectively the Doe plaintiffs) filed and dismissed a federal court action.  And then the Doe plaintiffs filed the instant state court action, their third action against the School District.  All of the lawsuits alleged that William Babcock, a counselor at an elementary school in the School District in the 1990's and 2000's, committed sexual misconduct causing the Doe plaintiffs to sustain injury and damages.

In this third action, the trial court sustained the School District's demurrer and dismissed the Doe plaintiffs' complaint.  The trial court ruled that, under rule 41(a)(1)(B) of the Federal Rules of Civil Procedure (28 U.S.C.),[1] the Doe plaintiffs' dismissal of the second action in federal court constituted res judicata.

In their original briefing on appeal, the Doe plaintiffs asserted that the trial court erred in sustaining the demurrer based on res judicata.  They did not dispute that they dismissed their federal action or that rule 41(a)(1)(B) provides that such a dismissal, a second voluntary dismissal, operates as an adjudication on the merits.  Rather, they contended that, because the School District argued in the federal court that the Eleventh Amendment to the United States Constitution provided immunity on most of the Doe plaintiffs' claims, it divested the federal court of subject matter jurisdiction to adjudicate the claims on the merits.

After the original briefing was completed, the Doe plaintiffs filed a letter identifying new case authority, and we directed the parties to file supplemental letter briefs addressing the effect of the authority on the res judicata issue.  In their supplemental letter brief, the Doe plaintiffs argued that, in considering the effect of rule 41(a)(1)(B) in this context, California state law controls, under which a second voluntary

---

[1] Undesignated rule references are to the Federal Rules of Civil Procedure (28 U.S.C.).

dismissal does not constitute res judicata.  They contend rule 41(a)(1)(B) does not support dismissal of this third action.

Finding no merit in the Doe plaintiffs' contentions, we will affirm the judgment.

BACKGROUND

On February 20, 2020, John HR Doe (HR) filed a complaint in Yuba County Superior Court against the School District, Babcock, and a church.  Because Babcock and the church are not parties to this appeal, we will summarize the procedure only with respect to the School District.  As to the School District, the complaint alleged causes of action for negligence, intentional infliction of emotional distress, sexual harassment, breach of fiduciary duty, constructive fraud, and failure to perform a mandatory duty.

The School District demurred to HR's complaint, and the trial court sustained the demurrer with leave to amend as to some causes of action but without leave to amend as to others.  On October 9, 2020, HR filed a first amended complaint in Yuba County Superior Court.  However, he subsequently filed a request for a voluntary dismissal without prejudice, which was entered as requested on November 12, 2020.

Meanwhile, on July 20, 2020, the other Does filed a similar complaint against the School District in Yuba County Superior Court.  The School District demurred to the complaint and the trial court sustained the demurrer with leave to amend as to some causes of action but without leave to amend as to others.  The other Does filed a request for a voluntary dismissal without prejudice, which was entered as requested on November 12, 2020.

On the same day the requests for dismissal were entered in the two Yuba County Superior Court actions, the Doe plaintiffs filed a complaint against the School District in the United States District Court for the Eastern District of California.  The complaint asserted the causes of action that had previously been alleged in the superior court but also added causes of action under title VIII of the No Child Left Behind Act of 2001

3

(20 U.S.C. § 7926) (Title VIII), Title IX of the Education Amendments of 1972 (20 U.S.C. § 1681(a) et seq.) (Title IX), and 42 U.S.C § 1983.

On January 13, 2021, the School District moved to dismiss the Doe plaintiffs' federal complaint. The motion argued the Eleventh Amendment to the United States Constitution provided immunity in the federal court on most of the claims against the School District. However, the School District acknowledged that the Eleventh Amendment did not provide such immunity on the Title IX claim. On February 18, 2021, the Doe plaintiffs voluntarily dismissed their federal complaint under rule 41(a).

On March 11, 2021, the Doe plaintiffs filed the instant action against the School District in Ventura County Superior Court. The complaint asserted causes of action for negligence, negligent supervision, and negligent hiring; it did not assert any federal claims. The parties stipulated that the action should have been filed in Yuba County Superior Court, and the action was transferred to that court. After the transfer, the Doe plaintiffs filed a peremptory challenge disqualifying the judge who sustained the demurrer in the original action, and the action was assigned to a different judge.

The School District demurred to the complaint, asserting that the action was barred by res judicata because of the Doe plaintiffs' second voluntary dismissal of the complaint in federal court. The trial court sustained the demurrer and dismissed the complaint. It ruled that res judicata barred the action because the dismissal in federal court operated as an adjudication on the merits.

DISCUSSION

I

The Doe plaintiffs contend their dismissal of the federal action did not constitute an adjudication on the merits because the federal court did not have subject matter jurisdiction over their claims.

Federal courts have two different sources of subject matter jurisdiction as relevant here. Diversity jurisdiction arises when opposing parties are citizens of different states

4

(28 U.S.C. § 1332), and federal question jurisdiction gives the federal courts jurisdiction if the action arises under federal law (28 U.S.C. § 1331).  If the federal court has subject matter jurisdiction, it may also exercise supplemental jurisdiction over related claims that would not otherwise have been within the federal court's jurisdiction.  (28 U.S.C. § 1367.)

In the Doe plaintiffs' federal case, the federal court had subject matter jurisdiction because the Doe plaintiffs filed their federal action as a federal question case (based on Title VIII, Title IX, and 42 U.S.C. § 1983) with supplemental federal jurisdiction over the Doe plaintiffs' state-law claims.  All parties in this action are California-based, so the federal court never had diversity jurisdiction.

The Doe plaintiffs nevertheless argue that because the School District relied on the Eleventh Amendment in its motion to dismiss the federal complaint, it divested the federal court of authority to adjudicate the Doe plaintiffs' claims on the merits.  For this proposition, the Doe plaintiffs cite *Wages v. Internal Revenue Service* (9th Cir. 1990) 915 F.2d 1230, 1234.)  In that case, a person sued the Internal Revenue Service in a federal district court, but the district court dismissed the action because it did not have subject matter jurisdiction over the claims and the complaint failed to state a claim on which relief could be granted.  (*Id*. at p. 1233.)  The United States Court of Appeals held it was improper for the district court to consider whether the complaint stated a claim on which relief could be granted because that went to the merits, and once the district court determined it lacked subject matter jurisdiction it had no power to address the merits. (*Id*. at p. 1234.)

*Wages* is distinguishable from this case.  The federal court involved in the Doe plaintiffs' action did not determine that it lacked subject matter jurisdiction.  Rather, the School District acknowledged that the federal court had subject matter jurisdiction over

5

the Title IX claim,[2] which was predicated on the same harm as the other causes of action. The Doe plaintiffs voluntarily dismissed the lawsuit.

Under the circumstances, there is no merit to the Doe plaintiffs' contention that the federal court lacked subject matter jurisdiction.

II

After briefing was completed in this case, the Doe plaintiffs filed a notice of additional citations for oral argument. In that notice, they cited a recent case relevant to the application of rule 41(a)(1)(B). That case is *Gray v. La Salle Bank, N.A.* (2023) 95 Cal.App.5th 932 (*Gray*) decided by the Court of Appeal for the Sixth Appellate District. We directed the parties to provide supplemental letter briefs on the effect of *Gray*, which held that a second dismissal in a federal district court did not, under rule 41(a)(1)(B), preclude filing the same claim in a third action in state court. (*Gray,* at p. 1225.) Before discussing *Gray*, we will describe the relevant background law and the legal developments preceding *Gray*.

Res judicata or claim preclusion bars a second suit on the same cause of action when the cause of action has already been adjudicated on the merits. (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 896; *Needelman v. DeWolf Realty Co., Inc.* (2015) 239 Cal.App.4th 750, 757.) "[A] single cause of action is based on the harm suffered, rather than on the particular legal theory asserted or relief sought by the plaintiff. [Citations.]" (*Balasubramanian v. San Diego Community College Dist.* (2000) 80 Cal.App.4th 977, 991 (*Balasubramanian*); see also *Hi-Desert Medical Center v.*

---

**2** The Eleventh Amendment bars suit against a state by its own citizens in federal court unless the state has waived its immunity or Congress has abrogated the state's immunity. (*Seminole Tribe of Florida v. Florida* (1996) 517 U.S. 44, 54, 68 [134 L.Ed.2d 252].) The latter is the situation for a Title IX action against a state by its own citizens in federal court. "A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of . . . title IX of the Education Amendments of 1972. . . ." (42 U.S.C. § 2000d-7(a)(1).)

*Douglas* (2015) 239 Cal.App.4th 717, 733 (*Hi-Desert Medical Center*).) Here, the Doe plaintiffs' claims constitute a single cause of action for res judicata purposes because they are based on the same alleged harm: the injury and damages caused by Babcock's sexual misconduct.

Rule 41(a)(1)(A) allows a plaintiff to dismiss an action without a court order by filing a notice of dismissal before the defendant files an answer or motion for summary judgment. But rule 41(a)(1)(B) provides: "[I]f the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Res judicata bars any subsequent action based on the same alleged harm. (See *Engelhardt v. Bell & Howell Co.* (8th Cir. 1962) 299 F.2d 480, 484 (*Engelhardt*).)

"The preclusive effect of a federal-court judgment is determined by federal common law." (*Taylor v. Sturgell* (2008) 553 U.S. 880, 891 [171 L.Ed.2d 155] (*Taylor*).) If the federal court exercised diversity jurisdiction, federal common law incorporates the claim preclusion law of the state. (*Semtek Internat., Inc. v. Lockheed Martin Corp.* (2001) 531 U.S. 497, 507-508 [149 L.Ed.2d 32] (*Semtek*).) If the prior federal judgment was in a federal question case, however, federal common law requires application of " 'uniform federal rule[s]' of res judicata," not state law. (*Taylor,* at p. 891; see also *Guerrero v. Department of Corrections & Rehabilitation* (2018) 28 Cal.App.5th 1091, 1101-1102 (*Guerrero*) [summarizing the differences in claim preclusion in diversity and federal question cases].)

With respect to the effect of a second voluntary dismissal under rule 41(a)(1)(B), federal law is that a second voluntary dismissal under rule 41(a)(1)(B) is claim preclusive. (*Jian Ying Lin v. Shanghai City Corp.* (S.D.N.Y. 2018) 329 F.R.D. 36 (*Jian Ying Lin*); *McGhee v. High Mt. Health LLC* (D.Ariz. Apr. 21, 2020, No. CV-19-08145-PCT-DWL) 2020 U.S.Dist. Lexis 69721.)

The primary federal precedent relied on by the Doe plaintiffs in their supplemental letter brief, and by the *Gray* court, is *Semtek, supra*, 531 U.S. 497. In that United States Supreme Court case, the plaintiff filed an action in California state court, but the defendant removed the action to the federal court based on the federal court's diversity jurisdiction. The federal district court dismissed the action based on California's statute of limitations, as the action arose under California law. The plaintiff also filed an action in a Maryland state court, where the limitations period had not expired. The Maryland court concluded that, because the federal court's dismissal was designated as "on the merits" under rule 41(b), the federal dismissal was res judicata and precluded the Maryland state action.[3] (*Semtek,* at pp. 499-500.)

On review in the United States Supreme Court, the plaintiff argued that the dismissal in the federal court did not bar the Maryland action because, under California procedural law, the dismissal based on the statute of limitations was not claim preclusive. The defendant disagreed, arguing that the dismissal in the federal court was claim preclusive under rule 41(b). (*Semtek, supra*, 531 U.S. at pp. 500-501.)

The *Semtek* court reversed the Maryland judgment. It held: "Because the claim-preclusive effect of the California federal court's dismissal 'upon the merits' of [the plaintiff's] action on statute-of-limitations grounds is governed by a federal rule that in turn incorporates California's law of claim preclusion . . . , the Maryland Court of Special Appeals erred in holding that the dismissal necessarily precluded the bringing of this action in the Maryland courts." (*Semtek, supra*, 531 U.S. at p. 509.)

---

[3] Rule 41(b) deems certain *involuntary* dismissals in federal court "adjudication[s] on the merits." Rule 41(a)(1)(B), on the other hand, deems a *second voluntary* dismissal in federal court "an adjudication on the merits." This case involves rule 41(a)(1)(B) only, not rule 41(b), which was the rule relevant to the outcome in *Semtek*. Rule 41(b) states that an involuntary dismissal "operates as an adjudication on the merits" unless the dismissal order states otherwise.

The court in *Semtek* reasoned that an "adjudication on the merits" under rule 41(b) does not necessarily mean the judgment has claim-preclusive effect in a case involving diversity jurisdiction. (*Semtek, supra*, 531 U.S. at p. 503.) *Semtek* noted that in such cases involving diversity jurisdiction there is no need for a uniform federal rule concerning when a federal judgment has preclusive effect because "state, rather than federal, substantive law is at issue . . . ." (*Semtek, supra*, 531 U.S. at p. 508.) On the other hand, *Semtek* counseled that, with respect to cases involving federal question jurisdiction, "States cannot give those judgments merely whatever effect they would give their own judgments, but must accord them the effect that this Court prescribes. [Citations.]" (*Id*. at p. 507.)

The court in *Semtek* determined that the words "operates as an adjudication upon the merits" in rule 41(b) should be interpreted in a manner consistent with rule 41(a), which "makes clear that an 'adjudication upon the merits' is the opposite of a dismissal without prejudice." (*Semtek, supra*, 531 U.S. at p. 505.) Rule 41(a) makes that distinction by indicating that a second voluntary dismissal, like in this case, is an adjudication on the merits, i.e., has the same effect as a dismissal with prejudice.

In the diversity context of the *Semtek* case, however, the court explained that "nationwide uniformity in the substance of the matter is better served by having the same claim-preclusive rule (the state rule) apply whether the dismissal has been ordered by a state or a federal court. This is, it seems to us, a classic case for adopting, as the federally prescribed rule of decision, the law that would be applied by state courts in the State in which the *federal diversity court* sits." (*Semtek, supra*, 531 U.S. at p. 508, italics added.)

The United States Supreme Court again considered the claim-preclusive effect of federal judgments in *Taylor, supra*, 553 U.S. 880, which, unlike *Semtek*, involved federal question jurisdiction. In that case, the court considered whether a prior judgment against the petitioner's friend in a Freedom of Information Act case precluded the petitioner's own suit. The court determined that the friend was not the petitioner's virtual

9

representative, and therefore the prior judgment did not preclude the petitioner's action. (*Id*. at pp. 884-885.) In its opinion, the court stated: "The preclusive effect of a federal-court judgment is determined by federal common law. See [*Semtek, supra*, 531 U.S. at pp. 507-508]. For judgments in federal-question cases . . . federal courts participate in developing 'uniform federal rule[s]' of res judicata, which this Court has ultimate authority to determine and declare. [*Semtek*], at 508." (*Taylor,* at p. 891.) In a footnote associated with that quote regarding the preclusive effect of judgments in federal question cases, the *Taylor* court, citing *Semtek*, observed: "For judgments in diversity cases, federal law incorporates the rules of preclusion applied by the State in which the rendering court sits." (*Taylor,* at p. 891, fn. 4.)

In *Melamed v. Blue Cross* (9th Cir. 2014) 557 F.Appx. 659, a plaintiff filed and voluntarily dismissed two federal court actions against defendants, after which the plaintiff filed a third action in California state court. The defendants successfully removed the action to the federal district court because it involved a federal question. (*Id*. at pp. 660-661.) On the defendant's motion, the federal district court dismissed under the two-dismissal rule of rule 41(a)(1)(B), and the Ninth Circuit Court of Appeals affirmed. (*Melamed,* at pp. 661-662.) Even after *Semtek*, federal law provides that the two-dismissal rule of rule 41(a)(1)(B) has res judicata effect and bars a third action on the same claim.

Under these federal cases, as well as California precedent, "federal common law controls the preclusive effect of a federal judgment." (*Guerrero, supra*, 28 Cal.App.5th at p. 1100.) In federal cases based on diversity jurisdiction, the federal common law "effectively embeds state law into federal law unless some paramount federal interest calls for a departure from it." (*Ibid*.) However, if "a prior federal judgment was based on federal question jurisdiction, the preclusive effect of the prior judgment of a federal court is determined by federal law." (*Louie v. BFS Retail & Commercial Operations, LLC*

10

(2009) 178 Cal.App.4th 1544, 1553 (*Louie*), italics omitted, quoted in *Guerrero,* at p. 1102.)

Despite the foregoing authorities, in *Hardy v. America's Best Home Loans* (2014) 232 Cal.App.4th 795, 806 (*Hardy*), which was a second action filed in the state court after an involuntary rule 41(b) dismissal in federal court under its federal question jurisdiction, a state court of appeal held that the plaintiff could refile in the state court as long as it alleged only state-law claims. The court came to this conclusion by citing *Semtek* and reasoning: "Here, while the federal order dismissed both federal and state-law claims, the claims asserted in this action involve only state claims. In that respect, the district court's dismissal of the state law claims is similar to a federal court's dismissal in a diversity action. Accordingly, under *Semtek*, the preclusive effect of the district court's dismissal is determined under California law. . . . California law does not bar this action because the federal action was not an adjudication on the merits." (*Hardy,* at p. 806.)

*Hardy* indicated, without citation to supporting authority, that the federal court dismissal in that federal question case was similar to, and should be treated like, a dismissal in a diversity action because the federal claims were not renewed in the subsequent state court action. However, the United States Supreme Court has explained that it is in actual diversity jurisdiction cases where state law may be incorporated into federal law for the purpose of determining claim preclusion. (*Semtek, supra*, 531 U.S. at p. 509.) When a federal case is based on federal question jurisdiction, state law is not incorporated, and states cannot give those judgments the effect they would give their own judgments. (*Id*. at p. 507.)

That brings us to the appellate decision that prompted the supplemental letter briefs in this case, *Gray, supra*, 95 Cal.App.5th 932. In framing the issue presented, the court noted that, in California state court, the filing and voluntary dismissal without prejudice of successive lawsuits does not constitute a final judgment on the merits that

would preclude a subsequent lawsuit in a California state court.  The question presented in *Gray* was whether a third suit filed in California state court alleging only state-law claims was subject to claim preclusion under rule 41(a)(1)(B) because the plaintiff had previously filed two federal question lawsuits in federal court alleging federal and state claims and had voluntarily dismissed them without prejudice.  (*Gray, supra*, 95 Cal.App.5th at p. 941.)

The court in *Gray* held that the plaintiffs' voluntary dismissal of the second federal lawsuit was not a final adjudication on the merits barring the third case in state court.  According to *Gray*, "[t]he two-dismissal rule of Rule 41(a)(1)(B) applies when there is a voluntary dismissal in state or federal court, a second voluntary dismissal in federal court, and the subsequent filing of an action in the *same federal court* where the second suit was dismissed.  We hold that this rule is inapplicable here to the filing of [the plaintiffs'] *state court lawsuit* alleging state law claims only that succeeded the filing of voluntary dismissals without prejudice in two federal lawsuits.  [The plaintiffs] are not precluded from asserting the claims in the present action because, under California law, (1) a dismissal without prejudice is not a judgment on the merits that precludes a subsequent action, and (2) there is no proscription against the filing of multiple actions that are voluntarily dismissed by the plaintiff."  (*Gray, supra*, 95 Cal.App.5th at p. 942, original italics.)  The *Gray* court relied mainly on *Semtek, supra*, 531 U.S. 497 to support its conclusions.  (*Gray,* at p. 942.)

*Gray* applied California law to determine whether the second federal dismissal in a federal question case constituted res judicata.  (*Gray, supra*, 95 Cal.App.5th at p. 942.)  But its holding is contrary to authority, including *Semtek*, that res judicata is determined under federal law if the federal court jurisdiction was based on a federal question.  (*Louie, supra*, 178 Cal.App.4th at p. 1553.)  The court in *Gray* concluded rule 41(a)(1)(B) applies only to a third filing in the same federal court and does not apply

12

when the third filing alleges only state law claims. (*Gray,* at p. 942.) While those conclusions have superficial appeal, they are not supported under closer scrutiny.

According to *Gray,* rule 41(a)(1)(B) applies only to a third filing in the same federal court. (*Gray, supra*, 95 Cal.App.5th at p. 942.) In *Semtek*, the court held that "adjudication upon the merits" in rule 41(b) means that refiling is barred only in the same federal district court. (*Semtek, supra*, 531 U.S. at p. 506.) However, that holding in *Semtek* was dependent on its conclusion that, in a diversity jurisdiction case, state law controls whether the prior dismissal in federal court is claim preclusive. (*Id*. at pp. 506-507.) *Semtek* expressly differentiated between diversity cases and federal question cases, explaining that the United States Supreme Court has "long held that States cannot give [federal question] judgments merely whatever effect they would give their own judgments, but must accord them the effect that this Court prescribes. [Citations.]" (*Id.* at p. 507.) *Semtek* stated that, in a federal diversity case, rule 41(b) applies only to prevent refiling in the same federal district court; but that does not apply to cases involving jurisdiction based on a federal question. After *Semtek*, federal courts continue to hold that a second voluntary dismissal under rule 41(a)(1)(B) is claim preclusive, and not just in the federal district court where the plaintiff obtained the second dismissal. (See *Jian Ying Lin, supra*, 329 F.R.D. at p. 39 [holding that the two-dismissal rule of rule 41(a)(1)(B) applies to an action refiled in a different federal district court]; *Kerr Corp. v. Westside Resources, Inc.* (W.D.Wis. Sep. 27, 2007, No. 07-C-0177-C) 2007 U.S.Dist. Lexis 72862 [two prior voluntary dismissals in California federal court barred refiling in Wisconsin federal court].)

*Gray* also based its decision on the fact that the plaintiff alleged only state-law claims in the third action. (*Gray, supra*, 95 Cal.App.5th at p. 942.) Referencing *Hardy's* conclusion that the federal court dismissal in *Hardy* was similar to a dismissal in a diversity action because the claims asserted in the ultimate state court action involved only state claims (*Gray,* at p. 962, citing *Hardy, supra*, 232 Cal.App.4th at p. 806), the

13

court in *Gray* held that whether the voluntary dismissal of the federal lawsuit was claim preclusive was governed by a federal rule that in turn incorporated the law of claim preclusion of the state where the federal lawsuit was brought.  (*Gray,* at p. 962.)  Such treatment of a voluntary dismissal in a federal question case is inconsistent with the United States Supreme Court's declaration that a federal-court judgment in a federal question case must be accorded the effect the federal courts prescribe.  (*Semtek, supra*, 531 U.S. at p. 507.)  While the United States Supreme Court allows that state law may determine the claim-preclusive effect in a diversity jurisdiction case, the same is not true in a federal question case.  (*Taylor, supra*, 553 U.S. at p. 891; *Semtek, supra*, 531 U.S. at p. 507.)

To support its application of state law, the court in *Gray* relied on the federal district court opinion in *Project Drilling, LLC v. Ledya Oil & Gas Exploration & Production, SA* (N.D.Okla. Feb. 11, 2022, No. 21-CV-0427-CVE-CDL) 2022 U.S.Dist. Lexis 25408 (*Project Drilling*).  (*Gray, supra*, 95 Cal.App.5th at pp. 958-960.)  That case, however, was a diversity action.  (*Project Drilling,* at pp. 7-8.)  On the issue of whether the two-dismissal rule has claim-preclusive effect, the district court did not specify whether it was relying on Oklahoma law; instead, it merely cited *Semtek*.  (*Id*. at pp. 18-21.)  In any event, being a diversity jurisdiction case, *Project Drilling* is not authority on the effect of the two-dismissal rule in a federal question case.

*Gray* also relied on the decision of the Tennessee Supreme Court in *Cooper v. Glasser* (Tenn. 2013) 419 S.W.3d 924, in which the Tennessee court held a second dismissal in the federal court did not have claim-preclusive effect.  (*Gray, supra*, 95 Cal.App.5th at p. 960.)  Unlike *Semtek* and *Project Drilling*, *Cooper* was a federal question case.  The court in *Cooper* recognized that *Semtek* "held that a federal district court exercising diversity jurisdiction should apply the claim-preclusion law of the state 'in which the federal court sits.' [Citation.]" (*Cooper,* at p. 927.)  Nevertheless, the Tennessee Supreme Court applied Tennessee's claim-preclusion law even though the

14

federal court's subject matter jurisdiction was based on a federal question. (*Id*. at p. 930.) Like the decision in *Gray*, the decision in *Cooper* was inconsistent with the federal authority that federal law be applied to determine claim preclusion in a federal question case. (*Taylor, supra*, 553 U.S. at p. 891; see also *Guerrero, supra*, 28 Cal.App.5th at pp. 1101-1102.)

Why should a California state court apply the Federal Rules of Civil Procedure after a voluntary dismissal in a federal question case when that procedure will work to the detriment of California plaintiffs seeking to assert state claims in state court for the redress of alleged wrongful conduct? The first reason is that the United States Supreme Court requires it. As the court directed in *Semtek*, in cases involving federal question jurisdiction, "States cannot give those judgments merely whatever effect they would give their own judgments, but must accord them the effect that this Court prescribes. [Citations.]" (*Semtek, supra*, 531 U.S. at p. 507.) But the court also described one of the policy reasons for the claim-preclusive distinctions in federal question versus diversity cases, explaining that they avoid forum-shopping and inequitable administration of the laws. (*Id*. at pp. 508-509.) Moreover, as the court in *Gray* noted, the two-dismissal rule prevents unreasonable abuse and harassment by preventing a plaintiff from obtaining numerous dismissals without prejudice. (*Gray, supra*, 95 Cal.App.5th at pp. 951-952, citing *Sutton Place Development Co. v. Abacus Mortgage Investment Co.* (7th Cir. 1987) 826 F.2d 637, 640.)

Because a second voluntary dismissal in federal court is claim preclusive in a federal question case, the plaintiff cannot strip out the federal claims and file the action in state court solely as a California law action. As we have explained, "a single cause of action is based on the harm suffered, rather than on the particular legal theory asserted or relief sought by the plaintiff. [Citations.]" (*Balasubramanian, supra*, 80 Cal.App.4th at p. 991; see also *Hi-Desert Medical Center, supra*, 239 Cal.App.4th at p. 733.) Rule 41(a)(1)(B) speaks in terms of a "claim," not a specific theory supporting a claim.

"Rule 41(a)(1)(B)'s two-dismissal rule would be toothless if a plaintiff could evade it merely by adding to his original, voluntarily dismissed complaint a new cause of action arising from the same operative facts . . . ." (*Jian Ying Lin, supra*, 329 F.R.D. at p. 40.) Here, the Doe plaintiffs' claims constitute a single claim for res judicata purposes because they are based on the same alleged harm: the injury and damages caused by the school counselor's abuse. Thus, stripping out the federal claims and refiling the state claims does not change the fact that a claim-preclusive judgment has already been entered concerning the Doe plaintiffs' alleged harm.

Res judicata bars the Doe plaintiffs' claims in this action because the federal action was based on federal question jurisdiction, and federal law, which we are bound to follow in this context, deems the second dismissal claim preclusive. (See *Engelhardt, supra*, 299 F.2d at pp. 484-485 [validity and res judicata effect of the two-dismissal rule].)

### DISPOSITION

The judgment is affirmed. The School District is awarded its costs on appeal. (Cal. Rules of Court, rule 8.278(a).)

    /S/    
MAURO, Acting P. J.

I concur:

    /S/    
WISEMAN, J.*

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

MESIWALA, J., Dissenting.

The problem with importing res judicata principles here is it applies Federal Rules of Civil Procedure, rule 41 too broadly, "clos[ing]the courthouse doors to an otherwise proper litigant." (*Poloron Products, Inc. v. Lybrand Ross Bros. & Montgomery* (2d Cir. 1976) 534 F.2d 1012, 1017.)

State claim preclusion law governs unless that law is incompatible with federal interests. (*Gray v. La Salle Bank, N.A.* (2023) 95 Cal.App.5th 932, 962 (*Gray*); see also *Hardy v. America's Best Home Loans* (2014) 232 Cal.App.4th 795, 806; *Hately v. Watts* (4th Cir. 2019) 917 F.3d 770, 777 [when a federal court exercises supplemental jurisdiction over a state law claim, "[t]he federal rule of decision in such cases is to apply state preclusion law, unless the state preclusion law is incompatible with federal interests"]; *Cooper v. Glasser* (Tenn. 2013) 419 S.W.3d 924, 927-930; *Herington v. City of Wichita* (Kan. 2021) 500 P.3d 1168, 1176 (*Herington*) ["a federal court must apply state law to state law claims in both diversity and supplemental jurisdiction cases"]; *Paramount Pictures Corp. v. Allianz Risk Transfer AG* (N.Y.Ct.App. 2018) 96 N.E.3d 737, 754-755 (dis. opn. of Wilson, J.).

Here, Doe plaintiffs have sued in state court asserting only state law claims, and there is no "incompatibility between applying California claim-preclusion law with federal interests." (*Gray, supra*, 95 Cal.App.5th at p. 962.) In these circumstances, California's claim preclusion law governs, allowing plaintiffs who voluntarily dismiss an action without prejudice to refile, not federal law.

The majority concludes that under Federal Rules of Civil Procedure, rule 41 (28 U.S.C.), a second voluntary dismissal in federal court of a case involving federal question jurisdiction has claim preclusive effect in a third case filed in state court, relying on *Taylor v. Sturgell* (2008) 553 U.S. 880, 891 and *Louie v. BFS Retail & Commercial Operations, LLC* (2009) 178 Cal.App.4th 1544, 1553. But *Taylor* and *Louie* did not

1

involve Federal Rules of Civil Procedure, rule 41 (28 U.S.C.), particularly a voluntary dismissal under Federal Rules of Civil Procedure, rule 41(a) (28 U.S.C.) and did not consider the effect of such a dismissal on a state court action asserting only state claims.

The majority also relies on *Melamed v. Blue Cross* (9th Cir. 2014) 557 Fed.Appx. 659 and *Jian Ying Lin v. Shanghai City Corp.* (S.D.N.Y. 2018) 329 F.R.D. 36. But those cases instruct that where a federal court is exercising federal question jurisdiction, the two-dismissal rule of Federal Rules of Civil Procedure, rule 41 (28 U.S.C.) bars a third action in federal court. They do not instruct what happens when the third action is brought in state court asserting only state law claims.

"The United States Supreme Court has never addressed the issue presented here[,]" specifically what law governs the claim preclusive effect of a federal court disposition of a state law claim under Federal Rules of Civil Procedure, rule 41(a) (28 U.S.C.) in a case in which federal court jurisdiction over the state law claim was based on supplemental jurisdiction. (*Herington*, *supra*, 500 P.3d at p. 1176.)

For these reasons, I would reverse the trial court's judgment and allow the Doe plaintiffs' claims to proceed in state court.


                                            _____/S/_____
                                            MESIWALA, J.